# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ELAINE L. CHAO,** ) | |
| **Secretary of Labor,** ) | |
| **United States Department of Labor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No.: 2:02-cv-01174-VEH |
| ) | |
| **TYSON FOODS, INC.,** ) | **OPPOSED** |
| ) | |
| **Defendant.** ) | |

## EXECUTIVE SUMMARY OF PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Secretary of Labor Elaine L. Chao ("Secretary"), is entitled to partial summary judgment against Defendant Tyson Foods, Inc. ("Tyson") on her claim that Tyson violated the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 *et seq.*, by failing to pay its hourly production workers at its poultry processing plant in Blountsville, Alabama for hours the employees worked in excess of forty per week.  Specifically, this Court should grant the Secretary partial summary judgment, finding that:  (1) Blountsville employees' donning and doffing of sanitary and protective clothing and equipment constitutes "work" under the FLSA; (2) such donning and doffing activities are not excluded from compensable time by the Portal-to-Portal Act of 1947 ("Portal Act"), 29 U.S.C. 251 *et seq.*; (3) Tyson

cannot rely on a "de minimis" defense to avoid paying for this time; (4) one of the uncompensated 30 or 35 minute break periods constitutes "work" under the FLSA; (5) Tyson is not entitled to the good faith defense which bars liability for FLSA violations; and (6) should the Secretary prevail on the merits, Tyson must pay liquidated damages.

The undisputed facts show that Tyson violated the FLSA by failing to pay its employees for time they spent donning and doffing required sanitary and protective clothing and equipment, and engaging in associated washing and sanitizing activities, on Tyson's premises. These activities constitute "work" under the FLSA because they are controlled or required by Tyson and performed for Tyson's benefit. *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005); *Tennessee Coal, Iron & R.R. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944); *Fox v. Tyson Foods, Inc.*, No. 99-BE-1612, 2002 WL 32987224, at *9 (N.D. Ala. 2002) (order adopting magistrate judge's report and recommendation). All of the sanitary and protective gear worn by Tyson's Blountsville employees is either expressly required by Tyson or required by the nature of the work. Further, Tyson controls these activities because it requires employees to perform the donning, doffing, washing, and sanitizing on Tyson's premises. Tyson also benefits from these activities because they allow Tyson to produce a sanitary and wholesome product for its customers and comply with federal food sanitation and employee safety regulations.

The donning, doffing, washing, and sanitizing activities that occur prior to or after the employees' shifts processing chicken on the production lines are not excluded from compensable time by the Portal Act because they are integral and indispensable to the employees' principal activity of processing chicken. *See Alvarez*, 546 U.S. at 37; *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956). These activities are either expressly required by Tyson, by law, or by the nature of the work, and must be performed on Tyson's premises. Thus, they are integral and indispensable to the employees' principal activities. *See* 29 C.F.R. 790.8(c) n.65; *see also Dunlop v. City Elec., Inc.*, 527 F.2d 394, 401 (5th Cir. 1976). Any activity that is integral and indispensable to a principal activity is itself a principal activity that starts the continuous workday, and marks the beginning of compensable time. *See Alvarez*, 546 U.S. at 37. Because, like donning, obtaining the gear "is always essential if a worker is to do [her] job," obtaining the gear is also a principal activity. Wage and Hour Advisory Memorandum No. 2006-2, at 1 n.1 (May 31, 2006). Thus, Tyson must pay its employees from the moment they retrieve their first piece of required gear, such as a smock, until they dispose of their last piece of required gear. Tyson has violated and continues to violate the FLSA because it generally does not pay its employees according to this requirement.

Tyson cannot escape liability for paying for this time on the basis of a "de minimis" defense because it is administratively feasible to record all the time its

3

employees spend working. *See* 29 C.F.R. 785.47. Similarly, the size of the aggregate claim in this case, which involves daily donning and doffing by thousands of employees over a seven year period, is not de minimis. *See Lindow v. United States*, 738 F.2d 1057, 1062-63 (9th Cir. 1984). Moreover, because Tyson's employees perform their donning, doffing, washing, and sanitizing activities regularly each workday, the de minimis defense does not apply. *See Kosakow v. New Rochelle Radiology Associates, P.C.*, 274 F.3d 706, 719 (2d Cir. 2001).

One of two mandatory 30 or 35 minute breaks also constitutes work, because the break predominantly benefits Tyson, and the period is not long enough to enable employees to use the time effectively for their own purposes. *Kohlheim v. Glynn County, Georgia*, 915 F.2d 1473, 1477, n. 19 (11th Cir. 1990); 29 C.F.R. 785.16(a). Similar to the facts in *Cole v. Farm Fresh Poultry*, 824 F.2d 923 (11th Cir. 1987), the Blountsville plant is in a rural location, with few businesses. Most employees live too far from the plant to return home at breaks, and there is insufficient time to do errands. The two breaks were instituted for safety and ergonomic reasons, pursuant to industry standards. Tyson uses the break time to clean and sanitize the plant. Finally, even if Tyson characterizes both breaks as "meal periods," one is not compensable, because the employees cannot use the time effectively for their own purposes. Wage Hour Opinion letters dated 11/7/94, 8/30/82, 10/13/64.

4

Tyson is not entitled to the good faith defense, which bars liability for FLSA violations, because, as this Court has already found, the Administrator has not adopted a policy or practice contrary to the positions taken in this litigation. Report and Recommendation of Magistrate Putnam dated 4/3/03, pp. 6,8; Order Adopting Report and Recommendation, dated 7/17/06.  Further, the Administrator has enforced the compensability of donning, doffing, and related walking time since at least 1986.  The Administrator's regulations and opinion letters also explain that such time is compensable.  Opinion letters also state that a second meal break must be compensated unless the employee can use the time effectively for his own purposes.  In *Farm Fresh Poultry*, the Eleventh Circuit ruled that an employer cannot rely on the Secretary's regulations, which make compensability dependent upon "particular circumstances," to establish the good faith defense with regard to breaktime.  Further, the good faith defense requires "honesty of intention and to be without circumstances which ought to put [an employer] upon inquiry." *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1580 (11th Cir. 1985); 29 C.F.R. 790.15(a).  Thus, Tyson lacks good faith because it was told by Wage Hour representatives, more than two years prior to the filing of this action, that donning and doffing in poultry plants, and the second meal period are compensable.

Similarly, Tyson is not entitled to the good faith defense necessary to avoid the payment of liquidated damages, as the defense requires an employer to

"follow[] the law as it was laid down to him by government agencies, without notice that such interpretations were claimed to be erroneous or invalid." *Superior Pontiac*, 765 F.2d. at 1579-80; 29 U.S.C. 260.

|  |  |
|---|---|
|  | Respectfully submitted, |
| ADDRESS: | JONATHAN L. SNARE<br>Acting Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone: (404) 302-5435<br> (404) 302-5438 (FAX)<br>E-mail:<br>ATL.FEDCOURT@dol.gov | MICHAEL K. HAGAN<br>Attorney<br><br>By:  /s/ John A. Black<br>        JOHN A. BLACK<br>         Attorney<br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff. |
| SOL Case No. 01-10415 |  |

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2007, I electronically filed **Executive Summary Of Plaintiff's Proposed Findings Of Fact And Conclusions Of Law In Support Of Her Motion For Partial Summary Judgment** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

        John A Black (black.john@dol.gov)

        Michael Kirby Hagan (ATL.FEDCOURT@dol.gov)

        Tony G Miller (tmiller@maynardcooper.com)

        Michael J Mueller (mmueller@akingump.com)

        David M Smith (dsmith@maynardcooper.com)

        /s/ John A. Black
        JOHN A. BLACK
        Attorney

SOL Case No. 01-10415