# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ELAINE L. CHAO,** ) | |
| **Secretary of Labor,** ) | |
| **United States Department of Labor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 2:02-CV-1174-VEH** |
| ) | |
| **TYSON FOODS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Exclude the Report and Testimony of Brian T. Farrington, filed by the plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (hereinafter "Plaintiff"). (doc. 106). For the reasons set forth herein, the motion is due to be **DENIED**.

### I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff commenced this action by filing her Complaint on May 9, 2002. (doc. 1). Plaintiff alleges that Tyson Foods, Inc., (hereinafter "Defendant") violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), by failing to compensate its employees for time spent donning clothing and gear and sanitizing at the beginning of their shifts, and doffing such clothing and gear

and sanitizing at the end of their shifts.[1] (docs. 1, 106 at 1). Plaintiff also alleges that Defendant failed to compensate its employees for certain rest breaks as required by the FLSA. (Id.).

Defendant filed its Answer, including affirmative defenses, on July 9, 2002. (doc. 5). Among its affirmative defenses, Defendant alleges that, consistent with the Portal-to-Portal Act, it (1) acted in good faith and with reasonable grounds for believing it had not violated the FLSA, and (2) acted in good faith conformity with and reliance on applicable administrative regulations, practices, and enforcement policy.[2] (Id. at 2, ¶¶ 5-6).

In support of this defense, Defendant offers the expert report and testimony of Brian T. Farrington (hereinafter "Farrington"), who purports to aid the jury in determining whether Defendant acted in accordance with the Portal-to-Portal Act, by explaining Plaintiff's past FLSA enforcement history, including her representations to employers regarding their compliance with that statute.

On February 21, 2007, Plaintiff filed her motion to exclude Farrington's report and testimony pursuant to FED. R. EVID. 702 and 704. (doc. 106).

---

[1] All acts or omissions complained of in this action allegedly occurred at Defendant's facility in Blountsville, Alabama. (doc. 1).

[2] The relevant portions of the Portal-to-Portal Act, as set forth in part II of this opinion, are codified at 29 U.S.C. §§ 259, 260.

## II.    ANALYSIS

Pursuant to FED. R. EVID. 702, Plaintiff argues that Farrington's report and testimony (1) lacks the requisite degree of reliability, and (2) fails to assist the jury. Plaintiff also argues that, under FED. R. EVID. 704, Farrington's opinion is an impermissible finding on an ultimate legal issue.

### A.    Rule 702

FED. R. EVID. 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 compels this court to perform the critical "gatekeeping" function concerning the admissibility of expert scientific evidence. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). However, the same criteria that are used to assess the reliability of a scientific opinion may also be used to evaluate non-scientific, experience-based testimony. *Id.*, 387 F.3d at 1262, citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142, 119 S.Ct. 1167, 1171, 143 L.Ed.2d 238 (1999).

The Eleventh Circuit set forth the following analysis for admissibility of expert testimony in *Frazier*:

> [I]n determining the admissibility of expert testimony under Rule 702, we engage in a rigorous three-part inquiry.  Trial courts must consider whether (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated [by the Supreme Court] in *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Frazier*, 387 F.3d at 1260.

The court's function under Rule 702 "is to make certain that the expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* "The district court's role is especially significant since the expert's opinion 'can be both powerful and quite misleading because of the difficulty in evaluating it." *Id.*, quoting *Daubert*, 509 U.S. at 595, 113 S.Ct. at 2798.

As the proponent of Farrington's testimony, Defendant bears the burden of establishing its admissibility. *Id.*

Defendant avers that Farrington's expertise is based on his past experience working for Plaintiff to enforce the FLSA.  The court in *Frazier* explained that

> the unremarkable observation that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable *any* conceivable opinion the expert may express. '[W]hile an expert's overwhelming qualifications may bear on the reliability of his proffered testimony, they are by no means a guarantor of reliability. [ ] Our caselaw plainly establishes that one may be considered an expert but still offer unreliable testimony. Quite simply, under Rule 702, the *reliability* criterion remains a discrete, independent, and important requirement for admissibility. . . . Indeed, the Committee Note to the 2000 Amendments of Rule 702 expressly says that, '[i]f the witness is relying solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it. . . . As the Supreme Court put it, 'the Rules of Evidence – especially Rule 702 – . . . assign to the trial judge the task of ensuring that an expert's testimony . . . rests on a reliable foundation.'" *Daubert*, 509 U.S. at 590, 113 S.Ct. at 2795.

*Frazier*, 387 F.3d at 1261 (emphasis in original).

"Exactly *how* reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." *Id.* "The trial judge in *all* cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted." *Id.*, 387 F.3d at 1262, citing FED. R. EVID. 702, advisory committee notes (2000 amends.).

As explained *supra*, Defendant seeks to introduce the expert report and testimony of Brian T. Farrington to support its affirmative defenses under the Portal-

5

to-Portal Act, 29 U.S.C. §§ 259 and 260.

29 U.S.C. § 259 provides that

[N]o employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938 . . . if he pleads and proves that the act or omission complained of was <u>in good faith in conformity with and in reliance on . . . any administrative practice or enforcement policy</u> of [the Wage and Hour Administrator] with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding. . . .

(Emphasis added).

29 U.S.C. § 260 provides that

[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was <u>in good faith</u> and that he had <u>reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act</u> of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof. . . .

(Emphasis added).

29 C.F.R. § 790.15(a) sets forth a bifurcated legal standard for these defenses, providing for both the subjective and objective good faith of the employer. Subjective good faith requires "honesty of intention and no knowledge of circumstances which ought to put him upon inquiry." 29 C.F.R. § 790.15(a). Objective good faith requires that Defendant prove it "acted as a reasonably prudent [employer] would have acted under the same or similar circumstances." Id.

6

While it is for the jury to determine whether Defendant's actions were consistent with the Portal-to-Portal Act, Farrington offers his professional opinion as to the reasonableness – the objective component of Defendant's Portal-to-Portal Act defense – of an employer's reliance on Plaintiff's FLSA enforcement history by failing to compensate its employees for the activities in question in this case. (Farrington Report at 1).

Plaintiff does not dispute that Farrington is qualified to testify in this case. Farrington was employed by the Department of Labor for fourteen years in its Wage and Hour Division, during nine of which he worked as a Compliance Officer. (Id.). His primary responsibility in that position was to enforce the laws administered by the Wage and Hour Division, primarily the FLSA.[3] (Id.).

Farrington currently works as a private consultant on wage and hour concerns. (Id. at 2). In preparation for this action, Farrington toured Defendant's poultry processing facility in Center, Texas, and viewed videotapes of Defendant's employees' donning, doffing, clean-up, and other pre- and post-shift activities at Defendant's Blountsville, Alabama facility. (Id. at 2).

---

[3] During his employment with Plaintiff, Farrington conducted between 500 and 600 investigations, in addition to 300 to 400 "more limited" compliance actions. (Id.). As an Assistant District Director, Farrington supervised approximately 5,000 investigations for the Department of Labor. (Id.).

In sum, Farrington asserts in his report that

> [f]or over 50 years, [D]efendant, along with the entire poultry processing industry, had reasonable grounds to believe that poultry processing employees need not be compensated for time spent walking to and from workstations, as well as time spent obtaining, putting on, removing, and rinsing lightweight work clothing before and after shifts and during unpaid meal periods.

(Farrington Report at 5-6).

In her motion to strike Farrington's report and testimony, Plaintiff argues that Farrington's methodology is "entirely unreliable." It appears that Farrington's methodology was to review relevant case law and statutory law, Plaintiff's Wage and Hour Field Operations Handbook, Plaintiff's investigation files related to various of Defendant's facilities, in addition to various filings with the court, including the complaint, Defendant's Answer, and six depositions, three of which have been filed by Defendant as exhibits in this action.[4] (See Farrington Report at 3). According to Defendant, Farrington combined his research into these materials with his work experience with Plaintiff to form his opinion.

Farrington's report includes a history of Plaintiff's policies and FLSA enforcement practices, focusing primarily on events that occurred after 1987. (See

---

[4] The three depositions cited by Farrington and filed with the court are those of Louis Greer (doc. 150, exh. R), Michael Ginley (doc. 162, exh. 12), and Mary Ziegler (doc. 162, exh. 28).

id. at 7-25). He illuminates the conditions under which an employer would act "reasonably," based on Plaintiff's representations to the employer as to its compliance with the FLSA.

The court disagrees that Farrington's opinion is unreliable. While Plaintiff argues that Farrington merely reiterates Defendant's interrogatory responses, she offers no evidence to support this claim. The mere fact that portions of Farrington's report and Defendant's interrogatory responses contain the same language does not lead the court, as Plaintiff urges, to infer that Farrington copied Defendant's interrogatory responses into his report. Furthermore, while Plaintiff argues that Farrington simply disregards certain legal authority in his report, she fails to explain how Farrington's opinion is affected, or might have reached a different conclusion, by the alleged omissions. Hence, the court finds no basis to strike Farrington's report and testimony as unreliable under Rule 702.

Plaintiff next argues that Farrington's report would not assist the trier of fact because his opinion that employers "reasonably" rely on Plaintiff's FLSA enforcement history is "well within the grasp of the jury."

The court disagrees. Farrington's opinion illuminates for the jury the context in which Defendant operates, particularly its communications with Plaintiff as to its compliance with the FLSA. Plaintiff offers no basis for the court to conclude that

such information is readily accessible to the jury, or within the jury's understanding, without explication by an expert witness.

Plaintiff finally argues that her "failure to take an action is not an administrative practice or enforcement policy" under section 259 of the Portal-to-Portal Act. Hence, Plaintiff appears to assert that her failure to enforce the FLSA against an employer in the past does not necessarily render that employer's reliance on her omission "reasonable."

The court is not persuaded that this argument has any relevance to whether Farrington's report and testimony are admissible under FED. R. EVID. 702. This issue may be properly considered at the summary judgment stage of this action, not in response to a motion to exclude expert testimony.[5]

Plaintiff has offered no basis to exclude Farrington's report and testimony under FED. R. EVID. 702. Hence, Plaintiff's motion to exclude under this rule is due to be **DENIED**.

### B. FED. R. EVID. 704

Plaintiff argues that, because Farrington opines that employers act "reasonably"

---

[5] The court also notes that Plaintiff, in her Reply brief, cites to her Motion for Partial Summary Judgment in support of arguments asserted in her Motion to Exclude Farrington's Report and Testimony. The court finds these citations unhelpful, as they fail to cite to any page number within the Partial Summary Judgment brief, and the court will not incorporate an entire brief to supplement arguments that should be fully asserted in her Motion to Exclude Farrington's opinion.

in reliance on Plaintiff's FLSA enforcement history, the report necessarily reaches an impermissible conclusion on an ultimate legal issue in violation of FED. R. EVID. 704.

While Plaintiff correctly argues that "courts must remain vigilant against the admission of legal conclusions," *Cook v. Sheriff of Monroe*, 402 F.3d 1092, 1112 n. 8 (11th Cir. 2005), the court disagrees that Farrington's report reaches any such conclusion.  The mere fact that Farrington describes how a reasonable employer would respond to Plaintiff's FLSA enforcement practices does not per se instruct the jury that Defendant acted in accordance with the Portal-to-Portal Act.  Plaintiff misinterprets the law in her argument that whether an action is "reasonable" is a <u>legal</u> conclusion.  "What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that its act or omission was not a violation of the Act are <u>mixed questions of fact and law</u>." *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566-67 (11th Cir. 1991), citing 29 C.F.R. § 790.22(c) (1987) (emphasis added). Hence, Farrington's opinion that employers reasonably rely on Plaintiff's FLSA enforcement history does not constitute a legal conclusion that instructs the jury what result to reach as to Defendant's Portal-to-Portal Act defense. See *Montgomery v. Aetna Cas. & Sur.*, 898 F.2d 1537, 1541 (11th Cir. 1990).[6]

---

[6] Plaintiff cites to *Montgomery* to support her Rule 704 argument.  However, in *Montgomery*, expert testimony was excluded because it instructed the jury as to a <u>legal</u> conclusion.  898 F.2d at 1541.  Because Defendant's Portal-to-Portal Act defense concerns

Furthermore, as explained *supra*, the test of "good faith" under the Portal-to-Portal Act has "both subjective and objective components." *Id.*, quoting *Bratt v. County of Los Angeles*, 912 F.2d 1066, 1071-72 (9th Cir. 1990). In his report, Farrington speaks only to the objective component of Defendant's Portal-to-Portal Act defense. Nowhere does Farrington purport to testify that Defendant subjectively acted in good faith reliance on Plaintiff's FLSA enforcement history. Rather, Farrington leaves for the jury to decide whether, based on his opinion and whatever evidence of Defendant's <u>subjective</u> good faith may be presented at trial, as well as Plaintiff's evidence to the contrary. Defendant acted in accordance with the Portal-to-Portal Act.

The court finds that Farrington's report does not impermissibly instruct the jury what conclusion to reach regarding Defendant's Portal-to-Portal defense. Hence, the motion to exclude on the basis of FED. R. EVID. 704 is due to be **DENIED**.

## III.  CONCLUSION

For the reasons explained *supra*, Plaintiff's motion to exclude Farrington's report and testimony is due to be **DENIED**. A separate Order will be entered.

---

<u>mixed questions of fact and law</u>, *Montgomery* is inapposite.

**DONE** this the 7th day of August, 2007.

/s/ VEHopkins
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge