FILED
2009 Sep-01 PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HILDA L. SOLIS,** ) | |
| **Secretary of Labor,** ) | |
| **United States Department of Labor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.:  2:02-CV-1174-VEH |
| ) | |
| **TYSON FOODS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Pending before the court is a Motion by Defendant and Third-Party Subpoena Recipients to Quash Trial Subpoenas Served on Out-of-State Witnesses (the "Motion") (Doc. 467) filed in August 28, 2009.  The Motion pertains to the following witnesses:  (1) Russell T. Tooley; (2) Timothy J. McCoy; (3) Daniel J. Serrano; (4) Barbara Mizell; and (5) Oscar Mancia-Carpiu.  When the parties previously addressed this same issue in *Chao* (Docs. 319, 334), the court adopted the minority view and quashed the trial subpoenas as unenforceable.  (Doc. 366).

The court held a hearing on the Motion on September 1, 2009.  At the hearing, the court confirmed through counsel that all of the subpoenaed witnesses are currently employed by Tyson.  The parties also indicated that video depositions had likely been

taken of every witness with the possible exception of Timothy J. McCoy.

Having studied the prior briefing and order, reviewed the relevant cases, and heard argument from the parties, the court sees no reason to change its position and reaffirms its conclusion that it lacks the power to order current employees of Tyson, who are geographically located <u>and who were also served with their respective subpoena to appear at trial</u> outside of the State of Alabama and beyond a 100-mile radius from the courthouse in Birmingham, because such subpoenas fail to comply with any of the alternatively designated places for acceptable service that are set forth in Rule 45(b)(2)(A)-(D) of the Federal Rules of Civil Procedure.  Accordingly, the Motion is **GRANTED**, and the trial subpoenas for (1) Russell T. Tooley; (2) Timothy J. McCoy; (3) Daniel J. Serrano; (4) Barbara Mizell; and (5) Oscar Mancia-Carpiu are **QUASHED**.

However, as further stated during the hearing, this ruling regarding the scope of its subpoena power under Rule 45 does not foreclose Plaintiff from subsequently requesting that the court instruct the jury about the absence of these employee witnesses at trial upon a sufficient showing that the use of a negative inference or presumption is appropriate under the circumstances.  Such a motion, if filed, should as to each witness:  verify whether a video deposition has been taken, identify any relevant, new, <u>and</u> non-cumulative issues not addressed during the video deposition

which Plaintiff seeks to question the witness about at trial, confirm whether Tyson still intends not to make that person available for trial, and suggest suitable language for the court to consider in instructing the jury about the individual's absence.

**DONE** and **ORDERED** this 1st day of September, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge