UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HILDA SOLIS, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:02-CV-01174-VEH |
| | ) | Honorable Virginia Hopkins |
| | ) | |
| TYSON FOODS, INC., | ) | OPPOSED |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO
PLAINTIFF'S DEPOSITION DESIGNATIONS BASED ON
PLAINTIFF'S DECISION NOT TO PURSUE LIQUIDATED DAMAGES AND
DEFENDANT'S DECISION NOT TO PURSUE A *DE MINIMIS* DEFENSE

Pursuant to the Court's September 10, 2009 order (dkt. no. 474) defendant,

Tyson Foods, Inc., submits the following supplemental objections to plaintiff's

designations of deposition testimony for use at trial from:  Oscar Mancia-Carpiu,

Timothy McCoy, Paul Sullivan, Russell Tooley, and Brian Williams.[1]  Since the

---

[1]  On September 11, 2009, defendant and plaintiff met and conferred concerning these objections.  The parties agreed that it was unnecessary for the parties to submit objections for witnesses Louie Ayers, Jadar Gregory Cagle, James Casey, Janice Casey, John Fraser, Michael Ginley, Louis Greer, Dennis Michael Hancock, Barbara Mizell, Alfred H. Perry, Dan Serrano, and Mary Ziegler.  Additionally, plaintiff recently filed a motion for leave to file additional deposition designations

time that the parties submitted their original deposition designations and objections prior to the first trial in this action, plaintiff decided to not pursue her claims for liquidated damages and defendant decided not to pursue its defense based on the *de minimis* doctrine. Consequently, certain issues are no longer relevant for purposes of the retrial. As such, and in accordance with the Court's order, the following objections are limited to challenges to the relevance of plaintiff's designations in light of the fact that liquidated damages and the *de minimis* defense are not being tried.

In submitting the following additional objections, defendant does not waive any of the objections that it previously made to plaintiff's deposition designation.

I.    DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS FOR OSCAR MANCIA-CARPIU

Pursuant to Federal Rules of Evidence 402 and 403 defendant objects to all of plaintiff's deposition designations for Oscar Mancia-Carpiu as irrelevant and presenting significant danger of confusing the issues, misleading the jury, and unduly wasting time in this trial. Mancia-Carpiu worked at defendant's Elm Street plant in Rogers, Arkansas. He was never an employee at Blountsville and has no

---

for Mancia-Carpiu and Tooley (dkt. no. 473). Defendant filed an opposition to that motion, as well as separate objections and counter-designations to those supplemental designations in the event that the Court grants plaintiff's motion, and thus, does not address those supplemental designations here. *See* dkt. nos. 476 and 477.

knowledge concerning that plant.  Plaintiff designated his testimony to show that defendant could allegedly capture pre- and post-shift and meal period clothes-changing and washing time and that it is therefore administratively practical to record such time and it is not *de minimis*.  *See* Pl.'s Objections to Def.'s Counter-Designations to Pl.'s Am. Dep. Designations of O. Mancia-Carpiu at 1-2 (dkt. no. 387) (objecting to defendant's counter-designations to the extent that they did not address this one issue).  Now that the *de minimis* defense is no longer part of this action, Mancia-Carpiu's testimony is irrelevant and should be excluded.

In addition to this general objection, defendant specifically objects to the designations as follows.

| Plaintiff's Designation | | Defendant's Objections |
| --- | --- | --- |
| 1 | 5:24 – 6:16 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. Plaintiff previously designated this witness's testimony to show that defendant could allegedly capture pre- and post-shift and meal period clothe-changing and washing time and that it is therefore administratively practical to record such time.  Such a showing was allegedly relevant to defendant's *de minimis* defense.  Since that defense is not at issue in this retrial, this witness's testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 2 | 6:17 – 10:19 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The witness's testimony concerning positions that he held at a plant other than Blountsville, |

| | | |
|---|---|---|
| | | in departments and positions that do not even exist at the Blountsville plant, is in no way relevant to any of the issues remaining in this action and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 3 | 13:9 – 14:7 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The witness's testimony concerning the methods that are used to ensure that employees at the Elm Street plant generally wear their required PPE is in no way relevant to any of the issues remaining in this action and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. The focus of the jury should be on Blountsville only. If plaintiff wanted to make other facilities relevant, she should have sued for damages at other facilities. |
| 4 | 17:24 – 19:24 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The witness's testimony concerning what types of clothing employees wear at the Elm Street plant does not have any tendency to establish what clothing is *required* at *Blountsville*, is in no way relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 5 | 20:13 – 20:21 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony concerns whether employees at the Elm Street plant get items from the supply room on a daily basis. This testimony was previously designated as background information that was necessary to show how the pay practices at Elm Street allowed employees to be paid from the time they first |

| | | |
|---|---|---|
| | | got their clothing supplies at the start of shift. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense.  Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial.[2] |
| 6 | 21:5 – 22:6 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The witness's testimony concerns which employees at the Elm Street plant wear latex gloves.  The operations at defendant's Elm Street plant are different than the operations at Blountsville.  It involves different processes, departments, and positions.  For example, unlike Blountsville, which had a cone debone department, where employees remove meat from the chicken using knives, Elm Street has an automated debone department that does not even use knives. *See* Mancia-Carpiu dep. at 20:4-12, attached as ex. 2.  Given such differences, the clothing worn at the Elm Street plant, and the clothing |

---

[2]  Some time between February 16 and 20, 2009, plaintiff served defendant with amended deposition designations for Oscar Mancia-Carpiu, which withdrew some of the designations that plaintiff had previously submitted.  A copy of those amended designations is attached as exhibit 1.  While defendant's objections to those amended designations were filed with the Court on February 20, 2009 (dkt. no. 386), it does not appear that plaintiff's amended designations ever were, as they do not appear on the docket and defendant has been unable to find a copy of those amended designations bearing an ECF header.  Thus, out of an abundance of caution, defendant submits objections to all of plaintiff's original designations, though defendant believes that several of those designations (including 20:5-20, reference above) were withdrawn in the attached amended designations.

| | | |
|---|---|---|
| | | required to be worn at that plant, has no relevance to the issues in this trial concerning Blountsville. Since this testimony is not relevant to any of the issues remaining in this action, its inclusion would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 7 | 22:7 – 23:25 | Defendant objects to this designation for the same reasons stated immediately above in connection to designation no. 6. |
| 8 | 24:1 – 24:10 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony concerns the number and location of the supply room at defendant's Elm Street plant. This testimony was previously designated as background information that was necessary to show how the pay practices at Elm Street allowed employees to be paid from the time they first got their clothing supplies at the start of shift. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 9 | 29:5 – 32:22 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony concerns which employees at defendant's Elm Street plant are assigned to the two different supply rooms at that plant. This testimony was previously designated as background information that was necessary to show how the pay practices at Elm Street allowed employees to be paid from the time they first got their clothing supplies at the |

| | | start of shift. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
|---|---|---|
| 10 | 33:15 – 34:15 | Defendant objects to this designation for the same reasons stated immediately above in connection to designation no. 9. |
| 11 | 34:16 – 35:2 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The witness's testimony concerns what employees in the Elm Street plant receiving department are required to wear. The operations at defendant's Elm Street plant are different than the operations at Blountsville. It involves different processes, departments, and positions. For example, the receiving department at Elm Street, unlike the similarly named live receiving department at Blountsville, does not involve live birds. *See* Mancia-Carpiu dep. at 27:3-6 (indicating that there are no live chickens at Elm Street), attached as ex. 2. Given such differences, the clothing worn at the Elm Street plant, and the clothing required to be worn at that plant, has no relevance to the issues in this trial concerning Blountsville. Since this testimony is not relevant to any of the issues remaining in this action, its inclusion would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 12 | 36:5 – 37:21 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony concerns employees in the |

|    |                |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
|----|----------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                | receiving department of defendant's Elm Street plant and the relationship between the start of their paid time, when they are able to get their supplies, and when there are expected to be in their department.  This testimony was previously designated to show how the pay practices at Elm Street allowed employees to be paid from the time they first got their clothing supplies at the start of shift. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense.  Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 13 | 38:1 – 38:9    | This designation is a continuation of the examination discussed in connection to designation no. 12.  Defendant, therefore, objects to this designation for the same reasons stated immediately above in connection to that designation. |
| 14 | 38:11 – 38:16  | This designation is a continuation of the examination discussed in connection to designation no. 12.  Defendant, therefore, objects to this designation for the same reasons stated above in connection to that designation. |
| 15 | 38:19 – 39:18  | This designation is a continuation of the examination discussed in connection to designation no. 12.  Defendant, therefore, objects to this designation for the same reasons stated above in connection to that designation. |
| 16 | 45:24 – 46:9   | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The witness's testimony concerns what |

| | | |
|---|---|---|
| | | employees in the Elm Street plant pack-out department are required to wear.  The operations at defendant's Elm Street plant are different than the operations at Blountsville.  It involves different processes, departments, and positions.  Given such differences, the clothing required to be worn at the Elm Street plant has no relevance to the issues in this trial concerning Blountsville.  Since this testimony is not relevant to any of the issues remaining in this action, its inclusion would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 17 | 50:22 – 53:4 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403.  The testimony concerns employees in the shipping department of defendant's Elm Street plant and the relationship between the start of their paid time, when they are able to get their supplies, and when there are expected to be in their department.  This testimony was previously designated to show how the pay practices at Elm Street allowed employees to be paid from the time they first got their clothing supplies at the start of shift.  This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense.  Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 18 | 58:21 – 59:1 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403.  The testimony in this designation, and the immediately following designation, concerns |

| | | |
|---|---|---|
| | | production employees at defendant's Elm Street plant and the relationship between when they clock in, the start of their paid time, when they are able to get their supplies, and when there are expected to be in their department. This testimony was previously designated to show how the pay practices at Elm Street allowed employees to be paid from the time they first got their clothing supplies at the start of shift. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 19 | 59:4 – 60:15 | This designation is a continuation of the examination discussed in connection to designation no. 18. Defendant, therefore, objects to this designation for the same reasons stated above in connection to that designation. |
| 20 | 62:24 – 63:1 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. Plaintiff previously designated this witness's testimony to show that defendant could allegedly capture pre- and post-shift and meal period clothe-changing and washing time and that it is therefore administratively practical to record such time. Such a showing was allegedly relevant to defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this witness's testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |

| 21 | 63:4 – 64:2 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. Plaintiff previously designated this witness's testimony to show that defendant could allegedly capture pre- and post-shift and meal period clothe-changing and washing time and that it is therefore administratively practical to record such time.  Such a showing was allegedly relevant to defendant's *de minimis* defense.  Since that defense is not at issue in this retrial, this witness's testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 22 | 67:23 – 68:1 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation, and the immediately following designations, concerns the procedures for distribution of supplies to employees at defendant's Elm Street plant.  This testimony was previously designated to explain the processes used at Elm Street to pay employees for all of their pre-shift donning time, which plaintiff contended showed the administratively practicality of recording the time at issue at Blountsville for purposes of evaluating defendant's *de minimis* defense.  Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 23 | 68:7 – 68:9 | This designation is a continuation of the examination discussed in connection to designation no. 22.  Defendant, therefore, objects to this designation for the same reasons stated above in connection to that |

| | | designation. |
|---|---|---|
| 24 | 68:12 – 69:3 | This designation is a continuation of the examination discussed in connection to designation no. 22. Defendant, therefore, objects to this designation for the same reasons stated above in connection to that designation. |
| 25 | 69:6 – 70:18 | This designation is a continuation of the examination discussed in connection to designation no. 22. Defendant, therefore, objects to this designation for the same reasons stated above in connection to that designation. |
| 26 | 74:14 – 74:25 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation, and the following designation, concerns the time it takes to employees at defendant's Elm Street plant to get their supplies based upon the specific procedures and set up of the supply rooms in that facility. This testimony was previously designated as part of the explanation of the processes used at Elm Street to pay employees for all of their pre-shift donning time, which plaintiff contended showed the administratively practicality of recording the time at issue at Blountsville for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 27 | 80:2 – 81:21 | Defendant objects to this designation for the same reasons stated immediately above in connection to designation no. 26. |
| 28 | 82:02 – 83:22 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation concerns |

| | | the procedures for distribution of supplies to employees at defendant's Elm Street plant. This testimony was previously designated to explain the processes used at Elm Street to pay employees for all of their pre-shift donning time, which plaintiff contended showed the administratively practicality of recording the time at issue at Blountsville for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
|---|---|---|
| 29 | 84:25 – 85:25 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation, and the following designations, concerns the time it takes to employees at defendant's Elm Street plant to get their supplies based upon the specific procedures and set up of the supply rooms in that facility. This testimony was previously designated as part of the explanation of the processes used at Elm Street to pay employees for all of their pre-shift donning time, which plaintiff contended showed the administratively practicality of recording the time at issue at Blountsville for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 30 | 86:07 – 86:25 | Defendant objects to this designation for the same reasons stated immediately above in connection to designation no. 29. |
| 31 | 87:11 – 87:22 | Defendant objects to this testimony pursuant |

| | | |
|---|---|---|
| | | to Federal Rules of Evidence 402 and 403. The testimony in this designation concerns when processing work begins on the production lines vis-à-vis the start of paid time for production employees at defendant's Elm Street plant. This testimony was previously designated to show how the pay practices at Elm Street allowed employees to be paid from their clothes-changing and washing activities at the start of shift. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 32 | 90:24 – 91:06 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation concerns why employees at defendant's Elm Street plant report to the production lines after processing work has begun, including when they report late because there was a delay in their ability to get their supplies in a timely manner. Ostensibly, this testimony was previously designated to show the extent to which the pay practices at Elm Street allowed employees to be paid from their clothes-changing and washing activities at the start of shift. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, |

| | | mislead the jury, and unduly waste time in this trial. |
|---|---|---|
| 33 | 92:24 – 93:23 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The witness's testimony concerns whether defendant's Elm Street plant has had the same production processes throughout the limitations period, whether that plant had the same supply room set up during that period, and whether the Elm Street plant required its employees to wear the same PPE throughout that period. However, the operations at defendant's Elm Street plant are different than the operations at Blountsville. It involves different processes, departments, and positions. Given such differences, the procedures and clothing required to be worn at the Elm Street plant have no relevance to the issues in this trial concerning Blountsville. Since this testimony is not relevant to any of the issues remaining in this action, its inclusion would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 34 | 94:22 – 95:23 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation concerns the procedures used at defendant's Elm Street plant to provide employees there with paid time to perform their clothes changing activities at their meal periods. Ostensibly, this testimony was previously designated to show the extent to which the pay practices at Elm Street allowed employees to be paid from their clothes-changing and washing activities. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this |

| | | |
|---|---|---|
| | | testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 35 | 98:10 – 100:18 | Defendant objects to this designation for the same reasons stated immediately above in connection to designation no. 34. |
| 36 | 110:9 – 112:24 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation concerns the procedures used at defendant's Elm Street plant to provide employees there with paid time to perform their clothes changing activities at the end of shift by paying them until their personal clock out times. Ostensibly, this testimony was previously designated to show the extent to which the pay practices at Elm Street allowed employees to be paid from their clothes-changing and washing activities. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 37 | 113:21 – 115:1 | Defendant objects to this designation for the same reasons stated above in connection to designation no. 36. |
| 38 | 117:8 – 118:18 | Defendant objects to this designation for the same reasons stated above in connection to designation no. 36. |
| 39 | 119:18 – 120:6 | Defendant objects to this designation for the same reasons stated above in connection to designation no. 36. |
| 40 | 126:2 – 126:21 | Defendant objects to this testimony pursuant |

| | | |
|---|---|---|
| | | to Federal Rules of Evidence 402 and 403. The witness's testimony concerns the alleged sanitary washing requirements in the fully cooked areas of defendant's Elm Street plant. The Blountsville plant at issue in the instant trial does not produce fully cooked product. As such, this testimony is in not relevant to any of the issues remaining in this action and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 41 | 131:8 – 132:3 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation, and in the designation immediately following it, concerns the policies and procedures used at defendant's Elm Street plant to provide employees there with paid time to perform their clothes-changing activities at the beginning and end of the workday.  This allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense.  Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 42 | 132:6 – 132:24 | Defendant objects to this designation for the same reasons stated above in connection to designation no. 41. |
| 43 | 141:8 – 141:11 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony concerns the number of attendant in the supply rooms at defendant's Elm Street plant.  This testimony was previously designated as background information that was necessary to show how the pay practices at Elm Street allowed |

|  |  | employees to be paid from the time they first got their clothing supplies at the start of shift. This, in turn, allegedly went to the administrative practicality of recording the time at issue for purposes of evaluating defendant's *de minimis* defense. Since that defense is not at issue in this retrial, this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
|--|--|--|

## II.    DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS FOR TIMOTHY MCCOY

| | Plaintiff's Designation | Defendant's Objections |
|--|--|--|
| 1 | 5:4 – 5:12 | |
| 2 | 10:20 – 11:23 | |
| 3 | 13:9 – 13:21 | |
| 4 | 36:15 – 37:12 | |
| 5 | 38:17 – 39:9 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation, and the designation that follows, concerns the witness's instruction to unidentified plants to "monitor" the amount of time that employees were spending on donning and doffing activities, and to enact procedures to limit the amount of time that it takes employees to procure their sanitary and protective clothing. Defendant believes that plaintiff's purpose in designating this material was to show that defendant thinks that donning and doffing time is compensable (and thus wanted to limit that time), and through such a showing to undermine defendant's defense that it was acting in good faith to the extent that it does not pay employees for their donning and |

|   |   | doffing time. However, since plaintiff withdrew her claim for liquidated damages, defendant's good faith is no longer at issue and this testimony is no longer relevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial.<br><br>Indeed, in responding to defendant's previous objections to plaintiff's designations of Mr. McCoy's deposition testimony, plaintiff effectively conceded that his testimony was only relevant to defendant's good faith defense to plaintiff's request for liquidated damages. Plaintiff opted not to respond to defendant's objections, in part, because she believed that if the Court were to grant her motion "to bifurcate evidence which relates *solely* to Tyson's alleged good faith, or reconsiders its decision to empanel an advisory jury on Tyson's good faith defense, then the Court will not have to rule on these proposed excerpts until such time at the good faith evidence is to be presented." Pl.'s Responses to Def.'s Unresolved Objections to Dep. Designations (dkt. no. 318) (emphasis added). |
|---|---|---|
| 6 | 41:21 – 44:17 | Defendant objects to this designation for the same reasons stated above in connection to designation no. 5. |
| 7 | 47:23 – 48:1 | Defendant objects to this testimony pursuant to Federal Rules of Evidence 402 and 403. The testimony in this designation presents a generic assertion that the time records within defendant's plants would not show the entire time employees spend donning and doffing. The only conceivable purpose of such a designation would be to show that defendant has committed a record-keeping violation |

| | | |
|---|---|---|
| | | under the FLSA. However, defendant previously conceded that if the jury finds that defendant should have, but has not, paid employees for all of their donning and doffing time that defendant would be liable for a record-keeping violation. *See* Jury Trial Charge Conference tr. vol. 1, 8-12, Mar. 12, 2009. As such, this testimony is completely irrelevant to any of the issues remaining in this action, and would do nothing other than confuse the issues, mislead the jury, and unduly waste time in this trial. |
| 8 | 50:1 – 50:21 | Defendant objects to this designation for the same reasons stated above in connection to designation no. 5. |

III.    DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS FOR DAVID SULLIVAN

A.    Plaintiff's Designations For David Sullivan

| Plaintiff's Designation | | Defendant's Objections |
|---|---|---|
| 1 | 10:11 – 10:16 | |
| 2 | 14:20 – 22:11 | |
| 3 | 25:12 – 34:22 | Defendant objects to this passage on the grounds that testimony concerning the outcome of a Department of Labor investigation at a facility other than defendant's Blountsville facility is solely relevant to defendant's good faith defense. *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 8 (dkt. no. 278) ("good faith evidence also includes hundreds of DOL and other documents relating to investigations" "including a 1999 investigation at Shelbyville, TN"); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To |

| | | |
|---|---|---|
| | | Present At Trial, at 16 (dkt. no. 318).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 4 | 44:5 – 51:8 | Defendant objects to this passage on the grounds that testimony concerning the Department of Labor's position or policy on whether the use of line time by food processing plants complies with the Fair Labor Standard Act is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403).<br><br>Defendant further objects to this passage on the grounds that testimony concerning the Department of Labor's investigation of Perdue Farms is solely related to defendant's good faith defense.  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278) ("evidence relating to decade-old DOL investigation of other processing plant" not relevant to Blountsville facility and identified as good faith evidence); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 16 (dkt. no. 318).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the |

| | | |
|---|---|---|
| | | issues, mislead the jury, and unduly waste time (FRE 403). |
| 5 | 52:10 – 56:10 | Defendant objects to this passage on the grounds that testimony concerning the Department of Labor's investigation and citation of Perdue Farms for Fair Labor Standards Act violations in 1999 and communication of the citation to other companies in the poultry industry is relevant solely to defendant's good faith defense. *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 16 (dkt. no. 318). As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 6 | 85:10 – 89:17 | Defendant objects to this passage on the grounds that testimony concerning representations made by Department of Labor officials about the compensability of donning, doffing, and other pre- and post-liminary activity during the 2000 poultry initiative is solely relevant to defendant's good faith defense. *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278) (evidence relating to poultry initiatives not relevant to Blountsville facility and identified as good faith evidence); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 16 (dkt. no. 318). As plaintiff is no longer seeking liquidated damages, this passage is |

| | | |
|---|---|---|
| | | irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 7 | 162:15 – 164:7 | Defendant objects to this passage on the grounds that the testimony concerning communications between the witness and defendant on May 2, 2000 is solely relevant to defendant's good faith defense. See Pl.'s Counter-Designations And Obj. To Def.'s Amended Dep. Designations Of David Sullivan, at 4 (dkt. no. 392) ("[T]he Secretary's withdrawal of her claim for liquidated damages necessarily makes evidence concerning activities prior to May 9, 2000 irrelevant. What DOL, through Mr. Sullivan or otherwise, may have told defendant, is completely irrelevant to any issue the jury must decide"). As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 8 | 260:3 – 260:22 | |
| 9 | 302:18 – 305:6 | Defendant objects to this passage on the grounds that the testimony concerning instructions the witness may have received on the *de minimis* doctrine prior to conducting an investigation at defendant's Blountsville facility is solely relevant to defendant's good faith and *de minimis* defenses. As defendant is no longer asserting a those defenses, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |

| 10 | 307:7 – 317:12 | Defendant objects to this passage on the grounds that the testimony concerning what defendant and other companies in the poultry industry learned at the 2000 poultry initiative is solely relevant to defendant's good faith defense.  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 16 (dkt. no. 318).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 11 | 318:11 – 319:10 | Defendant objects to this passage on the grounds that the testimony concerning what information is and is not presented in the witness's investigation narrative is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |

### B. Plaintiff's Contingent Counter-Designations For David Sullivan

| Plaintiff's Designation | Defendant's Objections |
|---|---|
| 1      59:19 – 60:6 | |
| 2      75:14 – 75:18 | |
| 3      86:2 – 87:20 | |
| 4      88:5 – 90:16 | |
| 5      97:21 – 99:3 | |
| 6      100:3 – 100:8 | |
| 7      105:15 – 105:19 | Defendant objects to this passage on the |

| | | |
|---|---|---|
| | | grounds that testimony about training conducted during the 2000 poultry initiative and investigations at other processing plants is solely relevant to defendant's good faith defense.  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 8 | 106:1 – 106:5 | Defendant objects to this passage on the grounds that testimony about training given to plaintiff's investigators during the 2000 poultry initiative is solely relevant to defendant's good faith defense.  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 9 | 111:20 – 112:19 | Defendant objects to this passage on the grounds that testimony about training given to plaintiff's investigators during the 2000 poultry initiative is solely relevant to defendant's good faith defense.  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278) (evidence relating to poultry initiatives not relevant to Blountsville facility and identified as good faith evidence).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the |

| | | |
|---|---|---|
| | | extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 10 | 113:3 – 114:11 | Defendant objects to this passage on the grounds that testimony about training given to plaintiff's investigators during the 2000 poultry initiative is solely relevant to defendant's good faith defense.  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 11 | 114:15 – 114:20 | Defendant objects to this passage on the grounds that testimony about training given to plaintiff's investigators during the 2000 poultry initiative is solely relevant to defendant's good faith defense.  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 12 | 117:1 – 120:14 | Defendant objects to this passage on the grounds that testimony about DOL officials' understanding of the employer's legal obligations for purposes of conducting investigations during the 2000 poultry initiative is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is |

| | | |
|---|---|---|
| | | irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 13 | 129:10 – 129:15 | Defendant objects to this passage on the grounds that testimony about DOL officials' understanding of the employer's legal obligations for purposes of conducting investigations during the 2000 poultry initiative is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 14 | 157:7 – 157:20 | Defendant objects to this passage on the grounds that testimony about the procedures used by plaintiff's investigators during the 2000 poultry initiative is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 15 | 158:2 – 158:10 | Defendant objects to this passage on the grounds that testimony about the procedures used by plaintiff's investigators during the 2000 poultry initiative is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |

| 16 | 159:11 – 159:21 | Defendant objects to this passage on the grounds that testimony about the procedures used by plaintiff's investigators during the 2000 poultry initiative is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 17 | 164:14 – 164:20 | Defendant objects to this passage on the grounds that background testimony about the DOL's investigation of the Blountsville plant as part of the 2000 poultry initiative is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 18 | 165:14 – 167:3 | Defendant objects to this passage on the grounds that background testimony about the DOL's investigation of the Blountsville plant as part of the 2000 poultry initiative is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 19 | 172:7 – 173:4 | Defendant objects to this passage on the grounds that background testimony about the DOL's investigation of the Blountsville plant as part of the 2000 poultry initiative is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE |

| | | |
|---|---|---|
| | | 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 20 | 174:16 – 175:7 | Defendant objects to this passage on the grounds that background testimony about the DOL's investigation of the Blountsville plant as part of the 2000 poultry initiative is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 21 | 176:2 – 176:7 | Defendant objects to this passage on the grounds that background testimony about the DOL's investigation of the Blountsville plant as part of the 2000 poultry initiative is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 22 | 177:5 – 177:9 | |
| 23 | 177:13 – 177:20 | |
| 24 | 193:4 – 193:10 | Defendant objects to this passage on the grounds that testimony about what the DOL's investigators told representatives of the Blountsville plant about the results of their investigation as part of the 2000 poultry initiative is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste |

| | | time (FRE 403). |
|---|---|---|
| 25 | 197:13 – 198:5 | |
| 26 | 200:7 – 202:13 | |
| 27 | 214:9 – 215:15 | |
| 28 | 254:2 – 254:4 | |
| 29 | 254:11 – 254:16 | |
| 30 | 299:22 – 301:5 | |
| 31 | 311:5 – 311:12 | Defendant objects to this passage on the grounds that testimony about training conducted during the 2000 poultry initiative and investigations at other processing plants is solely relevant to defendant's good faith defense.  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 32 | 319:5 – 320:9 | Defendant objects to this passage on the grounds that the testimony concerning what information is and is not presented in the witness's investigation narrative is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |

## IV.   DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS FOR RUSSELL TOOLEY

| Plaintiff's Designation | | Defendant's Objections |
|---|---|---|
| 1 | 5:20 – 5:22 | |
| 2 | 6:11 – 6:22 | |

| 3 | 15:8 – 15:16 | |
|---|---|---|
| 4 | 19:8 – 19:15 | |
| 5 | 20:17 – 20:20 | |
| 6 | 20:23 – 21:7 | |
| 7 | 22:10 – 22:16 | |
| 8 | 23:2 – 23:14 | |
| 9 | 26:14 – 26:24 | |
| 10 | 29:4 – 29:19 | |
| 11 | 32:7 – 33:7 | |
| 12 | 33:20 – 35:10 | |
| 13 | 36:1 – 37:5 | |
| 14 | 41:7 – 41:14 | |
| 15 | 43:19 – 44:4 | |
| 16 | 44:17 – 45:5 | |
| 17 | 46:2 – 46:11 | Defendant objects to this testimony on the grounds that evidence about whether defendant's plants have to use the mastercard system goes to the administrative practicality of using other time-keeping systems that could, allegedly, more accurately record the time at issue in this action.  Since defendant has withdrawn its *de minimis* defense for purposes of this retrial, the administrative practicality of recording the time at issue is no longer relevant (FRE 402).  To the extent that the passage has any probative value, that value is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 18 | 46:25 – 47:8 | Defendant objects to this testimony on the grounds that evidence about whether defendant's plants have to use a particular type of timecard goes to the administrative practicality of using other time-keeping systems that could, allegedly, more accurately record the time at issue in this action.  Since defendant has withdrawn its *de minimis* defense for purposes of this retrial, the administrative practicality of recording |

| | | |
|---|---|---|
| | | the time at issue is no longer relevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 19 | 52:15 – 53:1 | |
| 20 | 53:10 – 54:10 | |
| 21 | 54:23 – 55:7 | |
| 22 | 59:12 – 59:18 | Defendant objects to this question on the grounds that the witness's ability to identify Department of Labor guidance concerning the compensability of donning, doffing, washing, and traveling is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this line of questioning is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 23 | 60:8 – 60:19 | Defendant objects to this testimony on the grounds that testimony concerning representations made by Department of Labor investigators is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this testimony is irrelevant (FRE 402). To the extent that the testimony has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 24 | 60:20 – 61:1 | Defendant objects to this passage on the grounds that the witness's ability to identify Department of Labor guidance concerning the compensability of donning, doffing, washing, and traveling is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative |

| | | |
|---|---|---|
| | | value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 25 | 64:5 – 64:20 | Defendant objects to this passage on the grounds that testimony concerning Department of Labor investigations at defendant's facilities other than the Blountsville facility is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278) (evidence relating to 1987 investigation at Green Forest, AR facility is good faith evidence); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 17 (dkt. no. 318).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 26 | 69:15 – 69:19 | Defendant objects to this passage on the grounds that testimony about guidance the Department of Labor may have issued as part of the 1997 poultry initiative is solely relevant to defendant's good faith defense.  *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278) (evidence relating to poultry initiatives not relevant to Blountsville facility and identified as good faith evidence); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 17 (dkt. no. 318).  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is |

| | | |
|---|---|---|
| | | outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 27 | 71:11 – 72:3 | Defendant objects to this passage on the grounds that testimony concerning the impact that previous Department of Labor investigation had on defendant's compensation policy is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 28 | 73:21 – 74:14 | Defendant objects to this passage on the grounds that testimony concerning meetings between Department of Labor representatives and defendant about the propriety of defendant's compensation practices is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 29 | 76:10 – 78:8 | Defendant objects to this passage on the grounds that testimony concerning Department of Labor officials' representations to defendant and other companies in the poultry industry is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 30 | 78:12 – 78:16 | Defendant objects to this passage on the |

| | | |
|---|---|---|
| | | grounds that testimony concerning conversations with Department of Labor officials and investigators about the propriety of defendant's compensation practices is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 31 | 80:15 – 80:22 | Defendant objects to this passage on the grounds that testimony concerning Department of Labor investigations at defendant's facilities other than the Blountsville facility is solely relevant to defendant's good faith defense. *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278) (evidence relating to 1997 investigation at Center, TX facility is good faith evidence); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 17 (dkt. no. 318). As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 32 | 80:23 – 81:5 | Defendant objects to this passage on the grounds that the witness's ability to identify Department of Labor guidance concerning the compensability of donning, doffing, washing, and traveling is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative |

| | | value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
|---|---|---|
| 33 | 99:19 – 100:5 | Defendant objects to this passage on the grounds that the witness's understanding of the Department of Labor's current enforcement policy or practice is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 34 | 100:12 – 100:24 | Defendant objects to this passage on the grounds that the witness's understanding of the Department of Labor's current enforcement policy or practice is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 35 | 103:10 – 103:18 | Defendant objects to this question on the grounds the witness's ability to identify Department of Labor guidance concerning the compensability of donning, doffing, washing, and traveling is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this line of questioning is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 36 | 105:10 – 106:11 | Defendant objects to this passage on the grounds that the witness's understanding of a settlement agreement resulting from the |

| | | |
|---|---|---|
| | | Department of Labor's investigation of a facility other than the Blountsville facility is solely relevant to defendant's good faith defense. *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 17 (dkt. no. 318). As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 37 | 108:15 – 108:18 | Defendant objects to this passage on the grounds that testimony concerning documents that are the basis of defendant's good faith defense is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 38 | 108:21 – 111:8 | Defendant objects to this passage on the grounds that testimony concerning communication defendant may have had with the Department of Labor about the propriety of defendant's compensation practices is solely relevant to defendant good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 39 | 112:18 – 113:13 | Defendant objects to this passage on the grounds that testimony concerning |

| | | |
|---|---|---|
| | | communication defendant may have had with the Department of Labor about the propriety of defendant's compensation practices is solely relevant to defendant good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 40 | 114:3 -114:25 | Defendant objects to this passage on the grounds that the witness's understanding of a conversation between defendant's agent and a Department of Labor official concerning the propriety of defendant's compensation practices is solely relevant to defendant good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 41 | 116:5 – 116:25 | Defendant objects to this passage on the grounds that testimony concerning communication defendant may have had with the Department of Labor about the propriety of defendant's compensation practices is solely relevant to defendant good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 42 | 117:13 – 118:8 | Defendant objects to this passage on the grounds that testimony concerning the contents of a Department of Labor slide show relate solely to defendant's good faith defense.  *See* Pl.'s Responses To Def.'s |

| | | |
|---|---|---|
| | | Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 74 (dkt. no. 318). As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 43 | 119:9 – 121:12 | Defendant objects to this passage on the grounds that testimony concerning the contents of a Department of Labor slide show relate solely to defendant's good faith defense. *See* Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 75 (dkt. no. 318). As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 44 | 122:16 – 123:8 | Defendant objects to this passage on the grounds that testimony concerning when the Department of Labor first communicated in writing to defendant that employees should be compensated for donning, doffing, washing, and traveling is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 45 | 123:24 – 124:25 | Defendant objects to this passage on the grounds that testimony concerning the Department of Labor's February 1998 meeting in which it announced the results of |

| | | |
|---|---|---|
| | | the 1997 poultry initiative is solely relevant to defendant's good faith defense. *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278); Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 17 (dkt. no. 318). As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 46 | 125:4 – 125:16 | Defendant objects to this passage on the grounds that the witness's understanding of the Department of Labor's position after the February 1998 and March 1998 meeting concerning the compensability of donning, doffing, washing, and traveling is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 47 | 125:21 – 126:1 | Defendant objects to this passage on the grounds that testimony concerning the clarity of the Department of Labor's position on the compensability of donning, doffing, washing, and traveling is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 48 | 129:6 – 129:25 | Defendant objects to this passage on the |

| | | |
|---|---|---|
| | | grounds that testimony concerning Department of Labor communications about the compensability of donning, doffing, washing, and traveling is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 49 | 130:8 – 130:20 | Defendant objects to this passage on the grounds that the witness's understanding of what the current litigation indicates about the Department of Labor's current enforcement policy and testimony about the defendant's response to the litigation are solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 50 | 135:3 – 135:17 | Defendant objects to this passage on the grounds that whether or not defendant changed its pay practices in reaction to the Supreme Court's decision in *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005) is solely relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 51 | 137:8 – 137:13 | Defendant objects to this passage on the grounds that whether or not defendant has received complaints from employees and/or the government concerning its failure to pay |

| | | |
|---|---|---|
| | | overtime compensation to employees, especially in connection to plants other than Blountsville, is solely relevant to defendant's good faith defense. *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278). As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 52 | 138:1 – 138:16 | Defendant objects to this passage on the grounds that whether or not defendant has received complaints from employees and/or the government concerning its failure to pay overtime compensation to employees, especially in connection to plants other than Blountsville, is solely relevant to defendant's good faith defense. *See* Mem. In Support Of Pl.'s Mot. In Limine To Exclude Evidence Offered In Support Of Good Faith Defense, at 7 (dkt. no. 278). As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 53 | 148:9 – 148:24 | Plaintiff agreed to withdraw this designation. *See* Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 78 (dkt. no. 318). |
| 54 | 150:22 – 151:5 | Plaintiff agreed to withdraw this designation. *See* Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 79 (dkt. no. 318). |

| 55 | 152:18 – 152:20 | Plaintiff agreed to withdraw this designation. *See* Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 80 (dkt. no. 318). |
|---|---|---|
| 56 | 154:22 – 155:4 | Plaintiff agreed to withdraw this designation. *See* Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 81 (dkt. no. 318). |
| 57 | 156:18 – 156:24 | Plaintiff agreed to withdraw this designation. *See* Pl.'s Responses To Def.'s Unresolved Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 81 (dkt. no. 318). |
| 58 | 158:8 – 158:10 | Defendant objects to this preliminary question on the grounds that it relates to testimony concerning whether a Department of Labor official communicated his view that donning, doffing, washing, and traveling is compensable is only relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 59 | 158:20 – 159:7 | Defendant objects to this question on the grounds that whether a Department of Labor official communicated his view that donning, doffing, washing, and traveling is compensable is only relevant to defendant's good faith defense.  As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402).  To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |

| 60 | 159:15 – 160:21 | Defendant objects to this passage on the grounds that testimony concerning a Department of Labor official's representations that donning, doffing, washing, and traveling is compensable is only relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 61 | 168:15 – 168:22 | |
| 62 | 169:18 – 169:24 | |
| 63 | 170:12 – 171:9 | Defendant objects to this passage on the grounds that the witness's understanding of a Department of Labor official's representations that donning, doffing, washing, and traveling is compensable is only relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 64 | 171:17 – 172:4 | Defendant objects to this passage on the grounds that testimony concerning the impact a Department of Labor investigation had on the compensation policies of a facility other than defendant's Blountsville facility is solely relevant to defendant's good faith defense. As plaintiff is no longer seeking liquidated damages, this passage is irrelevant (FRE 402). To the extent that the passage has any probative value, it is outweighed by its propensity to confuse the issues, mislead the jury, and unduly waste time (FRE 403). |
| 65 | 179:9 – 179:21 | Plaintiff agreed to withdraw this designation. *See* Pl.'s Responses To Def.'s Unresolved |

| | | Obj. To Dep. Designations Which Pl. Expects To Present At Trial, at 75 (dkt. no. 318). |
|---|---|---|
| 66 | 180:9 – 180:19 | |
| 67 | 182:9 – 182:24 | |
| 68 | 185:12 – 186:5 | |

## V.    DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS FOR BRIAN WILLIAMS

Defendant objects to plaintiff's designations for Brian Williams in their entirety.[3]  Williams is a representative of Sanderson Farms.  He has never been employed by defendant and has no knowledge regarding the Blountsville plant. Plaintiff requested leave to take the deposition of a Sanderson Farms representative solely to rebut defendant's *de minimis* defense – specifically the administrative impracticality of recording the time at issue.  *See* Mem. in Support of Pl.'s Mot. for Leave of Ct. to Take Trial Testimony Dep. at 2-4, 6, Sept. 9, 2008 (dkt. no. 236). Based on that assertion, in granting plaintiff leave to take the deposition, the Court decided to "limit the Plaintiff's use of the Sanderson Farms deposition testimony to

---

[3]  Plaintiff has designated the following passages from Williams's deposition:  10:1 – 11:3; 13:17 – 18:22; 25:12 – 26:13; 26:20 – 36:7; 37:9 – 37:13; 38:2 – 38:11; 38:20 – 39:4; 39:16 – 42:9; 44:21 – 47:18; 48:07 – 48:12; 49:12 – 49:16; 50:9 – 52:7; 53:18 – 55:11; 56:11 – 59:01; 59:19 – 60:7; 61:9 – 62:20; 63:20 – 64:8; 65:2 – 65:10; 69:7 – 70:5; 71:11 – 72:22; 73:6 – 74:15; 75:6 – 76:6; 77:2 – 77:12; 81:7 – 81:16 (ends at "that lime time"); 83:2 – 83:9; 83:14 – 84:3; 92:3 – 93:9; 93:19 – 94:1; 154:13 – 155:8; 163:16 – 164:10 (excluding "the brief Mr. Christy signed in support of the settlement.  This was part of"); 164:15 – 165:21; and 166:2 – 166:21.

rebuttal" and held that it would not rule on the relevance of the Sanderson Farms

deposition testimony until defendant had actually presented its defense.  *See* Order

Granting Pl.'s Mot. for Leave to Take Trial Dep. Testimony at 2, Oct. 13, 2008

(dkt. no. 241).  Accordingly, plaintiff was not even permitted to present any

evidence form Williams's deposition during her case in chief.  *See id.*

Based on the sole reason identified by plaintiff for taking the deposition of

Williams, and the previous ruling by the Court, plaintiff should not be permitted to

present any testimony from Williams during the retrial.  Defendant has withdrawn

its *de minimis* defense for purposes of the retrial.  As such, the only possible basis

for previously allowing plaintiff to present Williams's testimony no longer exists.

For evidence to be relevant, it must make the existence of a fact "of consequence

to the determination of the action more probable or less probable than it would be

without the evidence."  Fed. R. Evid. 401.  Because the administrative practicality

of recording the time at issue is no longer "of consequence" in this action, all of the

Williams's testimony should be excluded.  *See* Fed. R. Evid. 402.

In addition, any testimony from Williams has the potential to significantly

confuse and mislead the jury.  The Court should keep the focus of the jury on the

Blountsville plant, the only facility at issue in the retrial.  Williams has absolutely

no knowledge about this or any other facility of defendant.

Dated:  September 14, 2009          Respectfully submitted,

*/s/ Joel M. Cohn*
Joel M. Cohn
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4000

*/s/ David M. Smith*
David M. Smith
Janell M. Ahnert
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

Attorneys for defendant,
TYSON FOODS, INC.

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 14th day of September, 2009, I electronically filed the foregoing Defendant's Supplemental Objections to Plaintiff's Deposition Designations Based on Plaintiff's Decision not to Pursue Liquidated Damages and <u>Defendant's Decision Not to Pursue a *De Minimis* Defense</u> using the Northern District of Alabama's CM/ECF filing system, which will serve notice of electronic filing upon the following:

Janell M. Ahnert   (jahnert@maynardcooper.com)
John A. Black   (black.john@dol.gov)
Joel M. Cohn   (jcohn@akingump.com)
Jeremy K. Fisher   (fisher.jeremy@dol.gov)
Joanna Hull   (hull.joanna@dol.gov)
Jonathan Kronheim   (kronheim.jonathan@dol.gov)
Tony G. Miller   (tmiller@maynardcooper.com)
David M. Smith   (dsmith@maynardcooper.com)
Sarah J. Starrett   (starrett.sarah@dol.gov)
Robert Walter   (ATL.FEDCOURT@dol.gov).
Nickole Winnett   (winnett.nickole@dol.gov)


                                   */s/ Joel M. Cohn*
                                   Joel M. Cohn