FILED
2009 Sep-24  AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HILDA SOLIS, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:02-CV-01174-VEH |
| | ) | Honorable Virginia Hopkins |
| | ) | |
| TYSON FOODS, INC., | ) | OPPOSED |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 50(a), defendant, Tyson Foods, Inc., moves for judgment as a matter of law on the following issues on which plaintiff presented evidence during her case-in-chief:  (1) her assertion that the continuous workday can start or end with donning, doffing, or washing protective clothing items that are not required by or do not primarily benefit defendant; (2) her assertion that the continuous workday can start or end with donning or doffing items not required to be donned or doffed inside the Blountsville facility; (3) her request for compensation for donning and doffing activities at the meal period that

1

are not required by defendant; and (4) her request for compensation for employees who worked in the RKP/Live Hang production area for shifts and time periods not represented by employee witnesses Barbara Bryan and Joe Childers.

A reasonable juror evaluating plaintiff's evidence could conclude only that defendant neither requires nor primarily benefits from several protective clothing items made available to employees. Moreover, defendant permits employees to don some clothing items before entering the facility at the beginning of their shift and to doff some items after leaving the facility. Such activities are not principal activities that can start or end the continuous workday. At the meal periods, the testimony from plaintiff's hourly witnesses proves that employees are permitted to wear certain clothing items into the main cafeteria and evisceration break room. Finally, there is no evidence of FLSA violations for certain time periods on first shift (pre-August 2003 and July 2008-present) and third shift (June 2001-present) in the RKP/Live Hang production area. Based on the record developed at trial, defendant is entitled to judgment on the above issues as a matter of law. This will simplify issues for the jury by removing issues for which plaintiff lacks sufficient evidence as a matter of law.

## II.    LEGAL STANDARD FOR JUDGMENT AS A MATTER OF LAW

Federal Rule of Civil Procedure 50 provides that judgment as a matter of law should be granted at the conclusion of plaintiff's case in chief if "there is no legally

sufficient evidentiary basis for a reasonable jury to find for [a] party." FED. R. CIV.

P. 50(a)(1). The court should grant such a motion if a reasonable jury could not

arrive at a contrary decision. *Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d

1306, 1310 (11th Cir. 1998). "'[A] mere scintilla of evidence does not create a jury

question'; instead, 'there must be a substantial conflict in evidence to support a

jury question.'" *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1215 (11th Cir.

2004) (citation omitted).

Under the FLSA, whether a particular set of facts constitutes "work" is a

question of law. *Dade County v. Alvarez*, 124 F.3d 1380, 1383 (11th Cir. 1997).

"It is for the court to determine if a set of facts gives rise to liability; it is for the

jury to determine if those facts exist." *Id.* (quoting *Birdwell v. City of Gadsden*,

970 F.2d 802, 807 (11th Cir. 1992)). Thus, defendant is entitled to judgment as a

matter of law if the facts viewed in the light most favorable to plaintiff offer no

basis for finding that certain pre-shift, post-shift, and meal period activities are

compensable under the FLSA. *Id.* The Court may enter judgment as a matter of

law regarding the compensability of certain activities even though such a ruling

will not dispose of plaintiff's entire overtime claim. *See* FED. R. CIV. P. 50 advisory

committee's notes ("judgments as a matter of law in jury trials may be entered …

with respect to issues or defenses that may not be wholly dispositive of a claim or

defense"); *see also* 9B Charles A. Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 2521 (3d ed. 2008) ("The 1993 amendment to Rule 50 makes it clear that judgments as a matter of law in jury trials may be entered against both plaintiffs and defendants and with respect to issues or defenses that may not be wholly dispositive of an entire claim or defense. The rule's new language simply articulates what always has been the law."); *Chesapeake Paper Prods. Co. v. S & W Eng'g Corp.*, 51 F.3d 1229, 1236 (4th Cir. 1995); *Hammond v. T.J. Little & Co., Inc.*, 82 F.3d 1166, 1172 (1st Cir. 1996).

III.  PLAINTIFF CANNOT ESTABLISH THE COMPENSABILITY OF OPTIONAL PRE- AND POST-SHIFT ACTIVITIES

Plaintiff seeks to recover alleged unpaid overtime for the full period of time beginning when an employee dons his first item of protective clothing and ending when an employee doffs his last protective clothing item on defendant's premises. *See* Joint Proposed Pretrial Order, Doc. No. 216 at 5. At trial, plaintiff has sought to establish that donning or doffing *any* clothing item worn on the production line can start or end the continuous workday. Dr. Radwin's estimate of the length of the continuous workday makes no distinction as to whether the first and last activity involves donning or doffing a required or optional item. *See* Trial Tr. vol. 16, 176-77. However, only "principal activities" set the boundaries for compensable time. Principal activities are only those activities which are both "work" and "integral and indispensable" to the production work performed by employees. To satisfy the elements necessary to find an activity is integral and indispensable, plaintiff must

4

prove by a preponderance of the evidence that, among other things, an activity is required by and primarily benefits the employer.  *See Chao v. Tyson Foods*, 568 F. Supp. 2d 1300, 1311-17 (N.D. Ala. 2008); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1342-45 (11th Cir. 2007); *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 398-400 (5th Cir. 1976).

### A.    Donning Or Doffing Activities Not Required By Defendant Cannot Begin Or End The Continuous Workday

Plaintiff has not provided sufficient evidence to allow a reasonable juror to find that defendant *requires* all of its production employees to don, doff, or wash back braces or rubber boots.  Several hourly witnesses admitted that rubber boots were not required for their jobs.[1]  No employee witness has testified they wore a back belt and in any event back belts can be put on and taken off outside the plant. Given such evidence, plaintiff cannot prove the elements necessary for the jury to find donning, doffing, and washing these items before or after an employee's shift are "work" or "integral and indispensable" to a principal activity under the FLSA. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946) ("It would be unfair and impractical to compensate [employees] for doing that which they were not required to do"); *Anderson v. Pilgrim's Pride Corp.*, 147 F.Supp. 2d 556, 561

---

[1]  *See* Trial Tr. vol. 12, 147 (S. Ayers); Trial Tr. vol. 12, 203 (Vansant); *see also* Trial Tr. vol. 12, 26-27 (Green) (boots not worn in Further Processing); Trial Tr. vol. 11, 89 (Sanders) (boots not required in Further Processing).

(E.D. Tex. 2001)), *aff'd without op.*, 2002 U.S. App. LEXIS 13429 (5th Cir. June 6, 2002) (activities not required by employer are not compensable).  Accordingly, defendant is entitled to judgment as a matter of law that the continuous workday cannot begin or end with an activity that involves donning, doffing, and washing optional sanitary and protective clothing items.

Plaintiff's case-in-chief has included employee testimony focused on the environmental conditions at defendant's Blountsville plant.  As the Court correctly ruled on summary judgment, plaintiff cannot satisfy the "required" element of the "work" or "integral and indispensable" determination by offering evidence on the nature of the work performed by her employee witnesses.  *See Chao*, 568 F. Supp. 2d at 1314, 1317 (finding items not required to be worn *by defendant* failed to satisfy the "required" element of the integral and indispensable and work analysis, regardless of the nature of the work); *Bonilla*, 487 F.3d at 1344 (focusing on whether *employer* required an activity in making the "integral and indispensable" determination).  Therefore, plaintiff's evidence on plant conditions cannot raise a conflict of trial evidence sufficient to avoid judgment as a matter of law as to those activities not required by defendant.

B.    Donning Or Doffing Items Primarily Benefiting Employees Cannot Begin Or End The Continuous Workday

Plaintiff's evidence also shows that workers wear rubber boots, back belts, cutting gloves, arm guards, safety goggles, cotton gloves, plastic sleeves, and ear plugs/ear muffs primarily for their own safety, comfort, and/or convenience. To prove an activity is "work" and "integral and indispensable," plaintiff must prove that donning, doffing, and washing these protective items is done *primarily* for the benefit of the employer. *See Chao*, 568 F.Supp.2d at 1311, 1315 ("that [d]efendant may derive *some* benefit from its employees' use of protective outer gear … does not necessarily render [d]efendant the *primary* beneficiary thereof"); *Dunlop*, 527 F.2d at 398; *Bonilla*, 487 F.3d at 1344. But plaintiff's evidence demonstrates the contrary. Plaintiff's employee witnesses consistently testified that these optional items were worn primarily for their benefit. The rubber boots are worn to keep employees' feet dry or from slipping on the floor.[2] Cotton gloves are worn to keep employees' hands warm, dry, and or insulated.[3] Cutting gloves and arm guards are

---

[2] *See* Trial Tr. vol. 10, 84 (Self) (slipping); Trial Tr. vol. 12, 26-27 (Green) (moisture).

[3] *See* Trial Tr. vol. 6, 204 (Duke) (protect from cold); Trial Tr. vol. 7, 189 (Hays) (protect from moisture and cold); Trial Tr. vol. 8, 133 (Laughlin) (protect from hot meat); Trial Tr. vol. 9, 176 Lemus) (for warmth); Trial Tr. vol. 11, 144 (Smiley) (for warmth)

worn to protect hands and arms from lacerations.[4]  Plastic sleeves protect the arms

of workers in Live Hang.[5]  Ear plugs or ear muffs are worn to protect hearing,[6] and

safety goggles protect eyes.[7]  Without evidence that defendant *primarily benefits*

from donning, doffing, and washing these items, plaintiff has failed to satisfy her

burden of proving that these activities start or end the continuous work day.

Since plaintiff has failed to provide sufficient evidence that these activities

constitute "work" and are "integral and indispensable," defendant is entitled to

judgment as a matter of law that donning and doffing or washing these clothing

items cannot begin or end the continuous workday.  *See, e.g.*, *Dade County*, 124

F.3d at 1386 (judgment as a matter of law for defendant where plaintiff failed to

present evidence that activities at issue were work or integral and indispensable);

*Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1291-92 (10th Cir. 2006)

(judgment as a matter of law for defendant where "no reasonable juror could have

---

[4]  *See* Trial Tr. vol. 5, 191, 197 (Bryan); Trial Tr. vol. 6, 79 (Vaughn); *see also* Trial Tr. vol. 8, 118 (Sanders).

[5]  *See* Trial Tr. vol. 8, 80 (Childers).

[6]  *See* Trial Tr. vol. 7, 192-93 (Hays) (ear muffs); Trial Tr. vol. 8, 132 (Laughlin) (ear plugs), Trial Tr. vol. 8, 165 (Burnett) (ear plugs); Trial Tr. vol. 10, 46 (Ayers) (ear plugs); Trial Tr. vol. 12, 203-4 (Vansant) (ear plugs).

[7]  *See* Trial Tr. vol. 5, 151-52 (Bryan); Trial Tr. vol. 6, 88 (Vaughn); *see also* Trial Tr. vol. 8, 118 (Sanders).

found that [activities] were integral and indispensable to the plaintiff's principal activities).[8]

     C.    Activities Permitted To Be Done At Home Are Not Part of The Continuous Workday

Defendant is entitled to judgment as a matter of law that the donning and doffing of earplugs, hairnets, and rubber boots cannot start or end the continuous workday because employees have the option and ability to perform such activities at home.[9] Plaintiff's "longstanding position" maintains that donning and doffing activities that *can* be performed at home, even if performed in the work place, are not principal activities and thus cannot start the continuous workday. DOL Wage & Hour Advisory Mem. dated May 31, 2006, at 3 ("[D]onning and doffing of required gear is within the continuous workday only when the employer or the nature of the job mandates that it take place on the employer's premises."); DOL Wage and Hour Field Operations Handbook § 31b13 ("Employees who dress to go to work in the morning are not working while dressing even though the uniforms

---

[8] While this authority addresses motions for judgment as a matter of law submitted after a jury verdict, the standard for granting a motion for judgment as a matter of law under Rule 50(a) is the same as the standard for granting a submission under Rule 50(b). *See Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007) (citing 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2537 (2d ed. 1885)).

[9] Defendant's motion as applied to hairnets is limited to the time period prior to May 2003, as defendant concedes employees have been required to don the hairnet within the facility since that date. *See* Trial Tr. vol. 9, 109 (Cagle).

they put on at home are required to be used in the plant during working hours."). Plaintiff's evidence shows that employees can, and do, arrive at the plant wearing their hair nets (prior to May 2003), earplugs, and rubber boots, and that these items can be worn home at the end of the shift.[10]  In addition, safety glasses and plastic sleeves may also be taken home.[11]  Because plaintiff has failed to prove employees are required to don and doff and wash these clothing items at the plant, the activity is outside the continuous workday as a matter of law.  *See Abbe v. City of San Diego*, Nos. 05cv1629 DMS (JMA), 06cv0538 DMS (JMA), 2007 WL 4146696, at *7 (S.D. Cal. Nov. 9, 2007) (granting summary judgment on claim for time spent donning and doffing uniform and safety gear as not integral and indispensable where not required to be done at work); *Bamonte v. City of Mesa*, No. CV 06-1860-PHX-NVW, 2008 WL 1746168, at *3-5 (D. Ariz. Apr. 14, 2008) (same).

IV.    PLAINTIFF FAILED TO ESTABLISH THE COMPENSABILITY OF OPTIONAL MEAL PERIOD ACTIVITIES

Plaintiff argues employees should be compensated for all donning, doffing, and washing activities completed during the meal periods.  However, several meal period activities do not satisfy the requirements for compensable work.  To recover

---

[10]  *See* Trial Tr. vol. 5, 173 (Bryan) (ear plugs); Trial Tr. vol. 6, 10, 27 (boots); Trial Tr. vol. 6, 166, 167 (Vaughn) (boots); Trial Tr. vol. 8, 117 (Childers); Trial Tr. vol. 12, 203-4, 206-07 (Vansant) (ear plugs and boots); *see also* Trial Tr. vol. 7, 89-90 (Jan. Casey) (ear plugs and boots); Trial Tr. vol. 9, 108-9 (Cagle) (boots); Trial Tr. vol. 11, 89 (Sanders) (boots).

for any activity performed during meal periods, plaintiff must first establish that the activity is "work."  As with pre- and post-shift activities, an activity is "work" only when it is "controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business."  *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944).

Here, the testimony presented by plaintiff demonstrates that defendant does not require employees to remove the smock, hairnet, or hearing protection at the meal period.  In fact, eight hourly employee witnesses testified they wore some or all of these items during their meal period.[12]  Plaintiff's own videotape evidence of employees donning and doffing at the meal period corroborates this testimony.[13] This evidence establishes that employees can and do wear smocks, hairnets, and ear plugs during the meal period, and that employees who do not, do so by choice.

---

[11]  *See* Trial Tr. vol. 5, 172, 173 (Bryan).

[12]  *See* Trial Tr. vol. 6, 147 (Vaughn) (ear plugs); Trial Tr. vol. 7, 71 (Duke) (smock, hairnet, and ear plugs); Trial Tr. vol. 8, 152-53 (Laughlin) (smock); Trial Tr. vol. 9, 181 (Lemus) (smock, hairnet, and ear plugs); Trial Tr. vol. 10, 65-66 (S. Ayers) (hairnet and smock); Trial Tr. vol. 10, 133 (Self) (smock and hairnet); Trial Tr. vol. 11, 21 (Wood) (smock, hairnet, and ear plugs); Trial Tr. vol. 14, 100 (Yancey) (smock and hairnet).

[13]  *See* Trial Tr. vol. 15, 188 (Radwin) (smock and hairnet not doffed by M. Scott during meal period); *see, e.g.*, Pl.'s ex. 83, index 280 (S. Ayers and others wearing hairnet and smock in cafeteria at start of meal period); index 314 (W. Burnette wears smock, hairnet, and ear muffs at start of meal period); index 337 (M. Scott enters cafeteria at meal period with smock and hairnet and others seen wearing same); index 338 (M. Scott exits cafeteria wearing smock and hairnet).

Thus, donning and doffing the smock, hairnet, and earplugs before and after meal periods are not compensable "work" as a matter of law.

## V. PLAINTIFF HAS NOT ESTABLISHED ANY VIOLATION IN THE RKP/LIVE HANG DEPARTMENT FOR CERTAIN TIME PERIODS AND SHIFTS

Plaintiff offered testimony from two hourly witnesses who worked in the RKP/Live Hang area. Barbara Bryan worked as a live hanger, killer, and picking room attendant on third shift from February 2000 to June 2001.[14] Joe Childers worked in Live Hang and as a killer on first shift from August 2003 to July 2008.[15] Dr. Radwin's study did not include any observations from the RKP/Live Hang area.[16] Nor did plaintiff call any supervisors who supervised RKP/Live Hang employees. Thus, the testimony from these two witnesses constitutes the only evidence of potential FLSA violations in the RKP/Live Hang area. Accordingly, plaintiff has failed to carry her burden of showing violations for the shifts and time periods not covered by this evidence.

## VI. CONCLUSION

The Court should enter judgment in favor of defendant as a matter of law that (1) donning, doffing, and washing optional clothing items or items that do not

---

[14]  *See* Trial Tr. vol. 5, 128 (Bryan).

[15]  *See* Trial Tr. vol. 8, 43, 76 (Childers).

[16]  *See* Trial Tr. vol. 16, 90-91 (Radwin).

primarily benefit defendant or items that may be worn from home cannot begin or end the continuous workday; (2) time spent donning and doffing items not required to be removed at meal periods are not work; and (3) the evidence fails to establish a violation in the RKP/Live Hang area for the shifts and time periods not covered by employee witnesses.

Respectfully submitted,

/s/ Joel M. Cohn
Joel M. Cohn
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887-4000

/s/ David M. Smith
David M. Smith
Janell M. Ahnert
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

Attorneys for defendant,
TYSON FOODS, INC.

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this 24th day of September 2009, I

electronically filed the foregoing Memorandum in Support of Defendant's Motion

for Partial Judgment as a Matter of Law using the Northern District of Alabama's

CM/ECF filing system, which will serve notice of electronic filing upon the

following:

> Janell M Ahnert (jahnert@maynardcooper.com)
> John A. Black (black.john@dol.gov)
> Joel M. Cohn   (jcohn@akingump.com)
> Jeremy K. Fisher (jeremy.fisher@dol.gov)
> Jonathan D. Kronheim (kronheim.jonathan@dol.gov)
> Joanna Hull (hull.joanna@dol.gov)
> Tony G Miller (tmiller@maynardcooper.com)
> David M Smith (dsmith@maynardcooper.com)
> Sarah J. Starrett (starrett.sarah@dol.gov)
> Robert Walter (ATL.FEDCOURT@dol.gov)
> Nickole Winnett   (winnett.nickole@dol.gov).

*/s/ David M. Smith*