IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>  v.<br><br>TYSON FOODS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:02-CV-01174-VEH<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S PROPOSED ADDITIONAL JURY INSTRUCTIONS

  Plaintiff, the Secretary of Labor ("Secretary"), respectfully submits her proposed additional jury instructions and supporting authority.

|  |  |
|---|---|
|  | Respectfully submitted, |
| <u>ADDRESS</u>: | CAROL A. DE DEO<br>Deputy Solicitor for National Operations |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel<br><br>CHRISTOPHER D. HELMS<br>Attorney |
| Telephone:<br>(404) 302-5450<br>(404) 302-5438 (FAX)<br>E-mail:<br>ATL.FEDCOURT@dol.gov<br>black.john@dol.gov | JOANNA HULL<br>Attorney<br><br>NICKOLE WINNETT<br>Attorney<br><br>By:  <u>/s/ John A. Black</u><br>       JOHN A. BLACK<br>       Attorney<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff. |

SOL Case No. 01-10415

Offset

In accordance with the "continuous workday" principle, compensable time begins with the first principal activity of the day. Thus, at the beginning of the day, damages should be computed from the first principal activity until the start of paid time. If you determine that employees were paid prior to the start of the production line, those payments should not reduce (or be offset against) the damages for any <u>uncompensated</u> time sought by the Department for the period between the first principal activity and the start of paid time.[1]

Payments made for periods when work is not performed cannot be credited toward overtime compensation due under the FLSA. Thus, if you determine that employees were paid before the start of their first principal activity, or after the completion of their last principal activity, on a particular shift, those payments may not be used to reduce (or be offset against) the damages sought by the Department.[2]

---

[1] *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29, 37, 40 (2005) ("[continuous workday rule] means that the 'workday' is generally defined as 'the period between the commencement and completion on the same workday of an employee's principal activity or activities,'" and includes walking and waiting time during the course of that day) (quoting 29 C.F.R. 790.6(b)); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 914 (9th Cir. 2003) (agreeing "that the definition of 'work' is not fixed, in most instances, to an objective measure of 'reasonableness.'"); *Anderson v. Perdue Farms, Inc.*, 2009 WL 653027, at *12-*13 (M.D. Ala. March 10, 2009) (adopting the "continuous workday" standard as set forth by the Supreme Court in *Alvarez*, and stating that it applies to any walking and waiting during that workday); *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 369-70, 375 (3d Cir. 2007) (citing to the Supreme Court's decision in *Alvarez* with approval, and not considering "reasonableness" as a benchmark for determining whether activity engaged in during the continuous workday is compensable; specifically rejecting argument "that so-called 'additional' or 'extra' minutes, which Tyson claimed it gave certain workers some of the time as non-'work' compensation, was a defense under the FLSA for the compensated time"), *cert. denied*, 128 S. Ct. 2902 (2008); *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340, 1342 (11th Cir.) (following Supreme Court's decision in *Alvarez*, and not applying "reasonableness" to determine compensable time during the continuous workday), *cert. denied*, 128 S. Ct. 813 (2007); *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1289 (10th Cir. 2006) (same).

[2] 29 C.F.R. 778.216; *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 369-70, 375 (3d Cir. 2007) (specifically rejecting argument "that so-called 'additional' or 'extra' minutes, which Tyson claimed it gave certain workers some of the time as non-'work' compensation, was a defense under the FLSA for the compensated time"), *cert. denied*, 128 S. Ct. 2902 (2008); *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 903, 913-14 (9th Cir. 2004) (rejecting employer's argument that it could apply a paid lunch period as an "offset" for unpaid hours worked); *Kasten*

Regulatory Requirements Do Not Defeat Principal Activity Findings

If you find that donning and doffing and washing activities are required by federal regulations, then you must find that those activities are also necessary for the employees to perform their principal activities.[3]

A finding that activities, such as donning and doffing and washing, are required by federal regulations supports a finding that these activities are integral and indispensable, and therefore the existence of such federal regulations is not a defense to any violation of the FLSA.[4]

---

*v. Saint-Gobain Performance Plastics Corp.*, 556 F. Supp. 2d 941, 952-53 (W.D. Wis. 2008) (rejecting defendant's argument that any calculation of uncompensated work time for plaintiffs should be offset by any time for which plaintiffs were compensated but were not working); *Agee v. Wayne Farms LLC*, 626 F. Supp. 2d 643, 647 (S.D. Miss. 2009) (rejecting employer's argument that it could receive credit for payments made for non-work time against compensation due to employees under the FLSA).

[3] *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340, 1344 (11th Cir. 2007) (screening was "necessary" for the employees to perform their work, where such screening was required by the FAA; it thereby satisfied one factor of the three-part test to determine whether preliminary or postliminary activities are "so 'integral and indispensable' as to be compensable" -- whether the activity is required by the employer, whether the activity is necessary for the employee to perform his or her duties, and whether the activity primarily benefits the employer); *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 398-400 (5th Cir. 1976).

[4] *IBP, Inc. v. Alvarez*, 546 U.S. 21, 38 (2005) (noting that the donning and doffing of clothing and equipment in *Tum v. Barber Foods, Inc.* was found by the magistrate to have been required by defendant or by government regulation); *Tum v. Barber Foods, Inc.*, 360 F.3d 274, 279 (1st Cir. 2004) ("In the context of this case, Employees are required by Barber Foods and or government regulation to wear the gear.  Therefore, [donning and doffing] are integral to the principal activity and therefore compensable."), affd. in part and reversed in part, 546 U.S. 21 (2005); *Steiner v. Mitchell*, 350 U.S. 247, 248, 255 (1956) ("The precise question is whether workers in a battery plant must be paid as a part of their 'principal' activities for the time incident to changing clothes at the beginning of the shift and showering at the end, where they . . . are compelled by circumstances, including vital considerations of health and hygiene, to change clothes and to shower in facilities <u>which state law requires their employer to provide</u> . . . ."; referring to 29 C.F.R. 790.8 ("where the changing of clothes on the employer's premises <u>is required by law</u>, by rules of the employer, or by the nature of the work," it is compensable, 29 C.F.R. 790.8(c) n.65) as one of the Administrator's regulations interpreting principal activity that Congress approved) (emphases added); *Barrentine v. Arkansas-Best Freight System, Inc.*, 750 F.2d 47, 50 (8th Cir. 1984) (pre-trip safety inspections by drivers that were required by federal regulations were integral and indispensable to their principal activities and thus were

4

Donning and Doffing Smocks and Hairnets as Principal Activities

You must take as established that the donning and doffing of smocks and hairnets are principal activities that begin or end the continuous workday.  Donning and doffing other items of sanitary and protective gear may also be principal activities.[5]

Missing Witnesses

Defendant has failed to produce employees in its corporate offices and elsewhere, within its control, to testify as to the corporate policy requiring donning, doffing, and sanitizing activities at issue in this case.  You may therefore infer that the testimony of those witnesses is unfavorable to Defendant.[6]

---

compensable); *Burks v. Equity Group-Eufaula Division*, 571 F. Supp. 2d 1235, 1246 (M.D. Ala. 2008) (cleaning and sanitizing found to be integral and indispensable where government regulations and company practices require it); *Perez v. Mountaire Farms, Inc.*, 610 F. Supp. 2d 499, 517-18 (D. Md. 2009) (donning and doffing of earplugs, smocks, hairnets, bump caps, and steel toed shoes were integral and indispensable to chicken processing where required by the USDA sanitary regulations, OSHA safety regulations, and company policy); *cf. Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 911 (9th Cir. 2004) (donning and doffing of uniforms that were required by the employer was integral and indispensable); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790, 807-08 (M..D. Tenn. 2008) (donning and doffing of frocks required by the employer is integral and indispensable).

[5] *See* Plaintiff's Memorandum in Support of her Motion for Partial Judgment as a Matter of Law (Doc. 488), *citing* 29 C.F.R. 790.8(c) n.65; *IBP, Inc. v. Alvarez,* 546 U.S. 21 (2005); *Steiner v. Mitchell*, 350 U.S. 247 (1956); *Bonilla v. Baker Concrete Construction Inc.*, 487 F.3d 1340, *cert. denied*, 128 S.Ct. 813 (2007); *Dunlop v. City Electric, Inc.*, 527 F.2d 394, 398-400 (5th Cir. 1976); *Tum v. Barber Foods Inc.*, 360 F.3d 274, 279 (1st Cir. 2004) *affd. in part and reversed in part*, 546 U.S. 21(2005); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 903 (9th Cir.), *affd.*, 546 U.S. 21 (2005); *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 911 (9th Cir. 2004); *Barrentine v. Arkansas-Best Freight System, Inc.*, 750 F.2d 47, 50 (8th Cir. 1984); *Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1312-13 & n. 11 (N.D. Ala. 2008); *Burks v. Equity Group-Eufaula Division*, 571 F. Supp.2d 1235, 1246 (M.D. Ala. 2008); *Perez v. Mountaire Farms Inc.,* 610 F. Supp. 2d 499, 517-518 (D. Md. 2009); *Hoyt v. Ellsworth Cooperative Creamery*, 579 F. Supp. 1132, 1140 (W.D. Wis. 2008); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790, 809 (M.D. Tenn. 2008).

[6] *Graves v. United States*, 150 U.S. 118, 121 (1893) ("[I]f a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable."); *Jones v. Otis Elevator Co.*, 861 F.2d 655, 659 (11th Cir. 1988) (instruction on an adverse inference is appropriate where the requesting party "establish[es] the potential witness'

Waiting Time
-----------

Waiting time after the performance of the employee's first principal activity and before the performance of his last principal activity is compensable as part of the employee's "continuous workday."[7]

---

unavailability in a physical or practical sense; and . . . [establishes that] the potential testimony must be relevant and noncumulative"; "availability also will turn on the witness' relationship to the nonproducing party.  A witness is unavailable in a practical sense when this relationship is such that it creates bias or hostility against the opposing party").

[7] *IBP, Inc. v. Alvarez*, 546 U.S. 21, 39-40 (2005) (concluding that the First Circuit was incorrect in holding that pre-doffing waiting time was not compensable on the ground that it "qualified as a 'preliminary or postliminary activity'" and was thus excluded by the Portal Act; rather, "[b]ecause doffing gear that is 'integral and indispensable' to employees' work is a 'principal activity' under the statute, the continuous workday rule mandates that time spent waiting to doff [as opposed to time spent waiting to don in that case] is not affected by the Portal-to-Portal Act and is instead covered by the FLSA"); *Anderson v. Perdue Farms, Inc.*, 2009 WL 653027, at *12-*13 (M.D. Ala. March 10, 2009) (in fully adopting the continuous workday standard as set out in *Alvarez*, the district court stated that "under *Alvarez*, the same rule that applies to walking applies to waiting; if it occurs between the first and last principal activities, it is compensable") (citations omitted).

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2009, I electronically filed the foregoing **Plaintiff's Proposed Additional Jury Instructions** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

> Janell M. Ahnert (jahnert@maynardcooper.com)
> John A. Black (black.john@dol.gov)
> Joel M. Cohn (jcohn@akingump.com)
> Jeremy K. Fischer (ATL.FEDCOURT@dol.gov)
> Joanna Hull (hull.joanna@dol.gov)
> Jonathan D. Kronheim (kronheim.jonathan@dol.gov)
> Stephanie H. Mays (smays@maynardcooper.com)
> Tony G. Miller (tmiller@maynardcooper.com)
> David M. Smith (dsmith@maynardcooper.com)
> Sarah J. Starrett (starrett.sarah@dol.gov)
> Robert Walter (walter.robert@dol.gov)
> Nickole C. Winnett (winnett.nickole@dol.gov)

>                     /s/ John A. Black
>                     JOHN A. BLACK
>                     Attorney

SOL Case No. 01-10415