UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HILDA SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>       Plaintiff,<br><br>       v.<br><br>TYSON FOODS, INC.,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:02-CV-01174-VEH<br>)  Honorable Virginia Hopkins<br>)<br>)<br>)<br>)<br>) |

DEFENDANT'S SUPPLEMENTAL BRIEF ON OFFSETS FOR
PAID NON-COMPENSABLE TIME AGAINST ALLEGEDLY
<u>UNPAID COMPENSABLE TIME DURING THE SAME WORKWEEK</u>

At the request of the Court, defendant, Tyson Foods, Inc., respectfully files this supplemental brief concerning the damages calculations offered in plaintiff's case-in-chief by Michael Murray. As discussed more fully below, plaintiff failed to offset any non-compensable time paid before the first principal activity and during meal periods against allegedly compensable time not paid by defendant in the same workweek. Because defendant is entitled to such offsets under *Avery v. City of Talladega*, 24 F.3d 1337, 1347 (11th Cir. 1994), Mr. Murray's damage calculations are erroneous as a matter of law.

1

I.    STATEMENT OF FACTS

Plaintiff offered Michael Murray for the purpose of introducing evidence of back wage calculations. *See* Trial Tr. vol. 18, 93: 9-22 (Sept. 23, 2009) (Murray). He calculated back wages for each shift worked by each worker by summing (1) time spent between the alleged first principal activity and the start of paid time; (2) uncompensated work time at meal periods; and (3) time between the end of paid time and punch-out time. *See id.* at 100:2 – 101:7. In order to calculate damages related to time at the start of a shift, Mr. Murray "subtracted [] punch-in time from the start of [] paid time" and then subtracted 4.69 minutes, which he understood was the "average amount of time that Dr. Radwin computed for the start of [employees'] first principal activity."[1] *Id.* at 100:12-17, 20-22. "At the end of a shift, [Mr. Murray] took [] punch-out time and subtracted the end of paid time." *Id.* at 101:2-3. For meal periods, Mr. Murray "counted the number of breaks and multiplied by five minutes." *Id.* at 101: 6-7. Mr. Murray summed these three components "for each employee for each shift." *Id.* at 104: 21-24; *see also id.* at 104:25 – 105:4. Next, Mr. Murray added up the amount of unpaid minutes for each workweek. *Id.* at 105:5-10. Mr. Murray then determined whether the unpaid

---

[1] As stated by defendant's counsel at oral argument on October 7, 2009 (transcript unavailable), as well as in defendant's prior arguments and briefing regarding the reliability and validity of Dr. Radwin's study of pre-shift and post-shift activities,

time plus the paid time exceeded 40 hours. For workweeks in which it did not, Mr. Murray calculated zero back wages. *See id.* at 106:9-13. Otherwise, Mr. Murray calculated non-overtime and overtime minutes for each employee for each workweek. *See id.* at 106:17-23.

 Where an employee punched in less than 4.69 minutes before the start of paid time (including instances where paid time was equal to punch-in time), Mr. Murray determined that there were zero unpaid pre-shift minutes for that shift. *See id.* at 122:3-9, 123:10-13. In other words, for these shifts, Mr. Murray concluded that the first principal activity occurred on or after paid time began. Mr. Murray testified that employees clocked in within 4.69 minutes of the start of paid time on "about 20 percent" of the shifts, or approximately 200,000 times during the period he examined. *Id.* at 159:4-19. If an employee was paid until punch-out time for a shift, Mr. Murray also calculated zero unpaid post-shift minutes for that shift. *Id.* at 122:22 – 123:2.

---

defendant objects to the admission of Dr. Radwin's testimony, and particularly his calculation of 4.69 minutes, which is the foundation of Mr. Murray's calculations.

3

II.    DEFENDANT IS ENTITLED TO OFFSET COMPENSATION PAID FOR NON-COMPENSABLE TIME AGAINST UNCOMPENSATED TIME DURING THE SAME WORKWEEK

It is undisputed that overtime is calculated under the Fair Labor Standards Act based on hours worked in the *workweek*.[2] "The Act does not generally require, however, that an employee be paid overtime compensation for hours in excess of eight per day . . . ." 29 C.F.R. § 778.102. Thus, the total amount of compensable time is properly calculated on the basis of the entire workweek, not shift-by-shift as was done by Dr. Murray.

In *Avery v. City of Talladega*, 24 F.3d 1337 (11th Cir. 1994),[3] the Eleventh Circuit considered whether time paid for non-compensable meal periods could be offset against unpaid but compensable pre-shift and post-shift time worked. The plaintiff police officers sought payment under the FLSA for unpaid pre-shift and post-shift work. The defendant sought to offset any uncompensated work with compensation it paid the police officers for meal periods which the defendant argued were not compensable under the FLSA. *Id.* at 1344. After agreeing with

---

[2] *See* 29 C.F.R. § 778.101 ("Hours worked in excess of the statutory maximum in any workweek are overtime hours under the statute"); § 778.103 (establishing the workweek as the basis for applying section 7(a) of the FLSA); § 778.105 (defining the workweek as a "fixed and regularly recurring period of 168 hours—seven consecutive 24-hour periods.").

[3] This Court's prior discussion of *Avery* and the proper test for compensability of meal periods in this action does not affect the principle of law for which *Avery* is

the district court that the paid meal periods were not compensable under the FLSA, the Eleventh Circuit held that the district court "properly allowed the [defendant] to offset the meal break against the compensable pre- and post-shift time worked by the plaintiffs."[4] *Id.* at 1347; *see Barefield v. Village of Winnetka*, 81 F.3d 704, 710 (7th Cir. 1996) (permitting offset of paid non-compensable meal period time against unpaid pre-shift time) (citing *Avery*).[5]

---

relied upon here. *See Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1307 n.4 (N.D. Ala. 2008) (Hopkins, J.).

[4] The offset principle is consistent with other provisions of the FLSA. Under section 207(h), an employer may credit extra compensation provided by a premium rate paid for certain categories of hours and excluded from the regular rate of pay against any overtime due. *See* 29 U.S.C. §§ 207(e)(5)-(7), (h)(2). The Eleventh Circuit has held that under section 207(h)(2) an employer properly may offset "*all* previously paid overtime premiums . . . against overtime compensation found due." *Kohlheim v. Glynn County*, 915 F.2d 1473, 1481 (11th Cir. 1990).

[5] *See also Edmunds v. Feralloy Midwest Corp.*, No. 2:07 cv 266 PS, 2009 WL 1605156, at *5 (N.D. Ind. June 3, 2009) (finding that plaintiff was fully paid for his compensable work even when he arrived 15 minutes early because he was paid 30 minutes for non-compensable meal period on those days); *Martin v. Indiana Mich. Power Co.*, 292 F. Supp. 2d 947, 960 (W.D. Mich. 2002) ("where an employer pays an employee for time not otherwise compensable under the FLSA, the employer is entitled to an offset for compensation due under the statute") (citation omitted); *Schwertfeger v. Village of Sauk Village*, No. 99 C 6456, 2001 WL 293115, at *6 (N.D. Ill. Mar. 23, 2001) (defendant can offset paid 30-minute meal period "only if it is non-compensable time for which it voluntarily pays plaintiffs"). The Fifth Circuit has held that an employer may offset overpayments made to employees in one period against underpayments in *later* work periods, provided it does not cause wages to fall below the statutory minimum wage. *See Singer v. City of Waco*, 324 F.3d 813, 828 (5th Cir. 2003). Here, defendant seeks offsets only for overpayments in the same work period.

The *Avery* holding applies equally to payments for non-compensable time occurring before the first principal activity or after the last principal activity or during meal periods. Here, Mr. Murray accepted Dr. Radwin's estimate that on average 4.69 minutes elapses between punch-in time and the first principal activity (as defined by Dr. Radwin as the donning of any sanitary or protective clothing item). *See* Trial Tr. vol. 18, 100:12-17, 20-22 (Sept. 23, 2009) (Murray). As a result, Mr. Murray accepted that if an employee punches in within 4.69 minutes of the start of paid time, the first principal activity occurs on paid time. For example, if paid time began at 7:30 a.m. and the employee punched in at 7:28 a.m., then under Dr. Radwin's analysis, the first principal activity occurs 2.69 minutes after paid time begins. Thus, for that shift, the employee was paid for 2.69 minutes of non-compensable activities. Under *Avery*, this paid time should be offset against other uncompensated time during that workweek for which plaintiff is seeking recovery.[6] Because paid time began within the 4.69 minute window on more than 20 percent of shifts, Mr. Murray's error is significant, resulting in increased back wages. *See id.* at 159:4-19.

---

[6] Defendant has submitted substantial evidence that donning does indeed occurs on paid time. *See* Trial Tr. vol. 26, 161:3 – 187:16 & Def.'s exs. 457, 463 (Oct. 7, 2009) (Broom testifying regarding Further Processing); Trial Tr. vol. 26, 11:3 – 21:22 & Pl.'s ex. 83, index 188 (Oct. 7, 2009) (Evans testifying regarding Sandra Holston in DSI).

The same is true for meal periods of 35 minutes. Thus, to the extent workers complete any alleged compensable activities during their meal periods in less than five minutes, there would be an overpayment of minutes that should be applied to any uncompensated time for which plaintiff seeks recovery.

In her memorandum regarding the offset issue, the plaintiff fails to cite or distinguish *Avery*. *See* Dkt. No. 489 at 6. Rather, plaintiff relies upon *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901 (9th Cir. 2004), for the proposition that an employer may not "apply a paid lunch period as an offset for unpaid hours worked." Dkt. No. 489 at 6. This holding is squarely at odds with *Avery*, which is binding upon this Court.[7] Plaintiffs' reliance on *Agee v. Wayne Farms LLC*, 626 F. Supp. 2d 643 (S.D. Miss. 2009), is similarly unpersuasive because its holding relied upon *Ballaris* and did not consider *Avery*.[8] Plaintiff also relies upon *Kasten v. Saint-Gobain Performance Plastics Corp.*, 556 F. Supp. 2d 941 (W.D. Wis.

---

[7] *Ballaris* is also inapposite because the paid time for non-compensable activities for which defendant seeks an offset here has been included in the regular rate. *See Ballaris*, 370 F.3d at 909 (finding that defendant did not include compensation for paid meal period in regular rate).

[8] The district court in *Agee* noted that both parties had failed to provide any legal authority that supported or refuted defendant's contention that it was entitled to offset payments for additional paid minutes at meal periods and for "personal time" against time owed under the FLSA, and instead relied upon its own "independent research." 626 F. Supp. 2d at 645-46 & n.3. However, the *Agee* court failed to discuss either *Avery* or the Seventh Circuit's decision in *Barefield*. *See Agee*, 626 F. Supp. 2d at 646.

7

2008). However, in *Kasten*, the court distinguished *Barefield v. Village of Winnetka* because defendant did not dispute that the additional five paid minutes provided at lunch periods were used to perform compensable work. *See Kasten*, 556 F. Supp. 2d at 953. Here, under Dr. Radwin's assumptions used by Mr. Murray, not all the paid minutes before workers arrive at their workstations are spent on compensable work. The same is true after workers complete any post-shift activities for which plaintiff is seeking relief. Further, to the extent that the alleged compensable meal period activities took less than five minutes, the remaining balance of paid minutes provided at meal periods is also not spent on compensable work and thus may be offset against any uncompensated activities.

Finally, plaintiff's reliance on *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 369-70, 375 (3d Cir. 2007), *cert. denied,* 128 S. Ct. 2902 (2008),is misleading. Plaintiff cites *De Asencio* in support of its position that "[a] number of courts have also held that such payments may not be used to reduce (or be offset against) damages for any uncompensated time under the FLSA." Dkt. No. 489 at 5-6 (emphasis omitted). However, in *De Asencio*, the Third Circuit actually concluded that the issue of payment of extra minutes was more appropriately addressed at the damages phase of a bifurcated trial. *See De Asencio,* 500 F.3d at 375. Because this trial is not bifurcated, *De Asencio* has no bearing on whether such additional minutes may offset uncompensated time.

III. <u>CONCLUSION</u>

For the above reasons, Mr. Murray's calculations do not properly calculate allegedly unpaid overtime.

Date: October 9, 2009.

                          Respectfully submitted,

                          <u>/s/ Joel M. Cohn</u>
                          Joel M. Cohn
                          AKIN GUMP STRAUSS HAUER & FELD, LLP
                          1333 New Hampshire Avenue, N.W.
                          Washington, DC 20036
                          (202) 887-4000

                          <u>/s/ David M. Smith</u>
                          David M. Smith
                          Janell M. Ahnert
                          MAYNARD, COOPER & GALE, P.C.
                          2400 AmSouth/Harbert Plaza
                          1901 Sixth Avenue North
                          Birmingham, Alabama 35203-2602
                          (205) 254-1000

                          Attorneys for defendant,
                          TYSON FOODS, INC.

CERTIFICATE OF SERVICE

The undersigned certifies that this 9th day of October 2009, I electronically filed the foregoing Defendant's Supplemental Brief on Offsets of Paid Non-Compensable Time Against Allegedly Unpaid Compensable Time in the Same Workweek using the Northern District of Alabama's CM/ECF filing system, which will serve notice of electronic filing upon the following:

    Janell M Ahnert (jahnert@maynardcooper.com)
    John A. Black (black.john@dol.gov)
    Joel M. Cohn   (jcohn@akingump.com)
    Jeremy K. Fisher (jeremy.fisher@dol.gov)
    Jonathan D. Kronheim (kronheim.jonathan@dol.gov)
    Joanna Hull (hull.joanna@dol.gov)
    Tony G Miller (tmiller@maynardcooper.com)
    David M Smith (dsmith@maynardcooper.com)
    Sarah J. Starrett (starrett.sarah@dol.gov)
    Robert Walter (ATL.FEDCOURT@dol.gov)
    Nickole Winnett   (winnett.nickole@dol.gov).

                                                */s/ Joel M. Cohn*