FILED
2009 Oct-09 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HILDA SOLIS,
Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

TYSON FOODS, INC.,

Defendant.

Case No. 2:02-CV-01174-VEH
Honorable Virginia Hopkins

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTIONS

COMES NOW Tyson Foods, Inc., Defendant, and respectfully submits the following proposed final jury instructions in this matter.

Table of Contents

9. Continuous Workday ........................................ 1
10. Portal Act (“integral and indispensable”) ........................................ 2
12. Representative Evidence ........................................ 3
14. Damages ........................................ 4

9. Continuous Workday

The continuous workday is the period between the commencement and the completion on the same workday of an employee's principal activity or activities. Any non-work time spent by employees during bona fide meal periods is excluded from the workday and is not compensable.

In general, an employer is required to compensate its employees for their time, beginning when the employee performs the first principal activity of the workday. Pre- and post-shift activities that are work and that are integral and indispensable to the production work performed by employees are considered principal activities. Time spent after the employee engages in the first principal activity and before the employee finishes his or her last principal activity is part of a continuous workday and is compensable under the Fair Labor Standards Act, unless it is otherwise excluded from compensation, as I will explain to you.

While all activities that occur during the continuous workday are generally compensable under the Fair Labor Standards Act, the time spent on pre- and post-shift activities must be reasonable. Time spent eating, drinking, sitting in the break room, or socializing before a worker's first production activity or after a worker's last production activity is not reasonable and therefore is not compensable.[1]

**Deleted:** are part of

**Deleted:** on pre- and post-shift activities must be reasonable. T

**Deleted:** n employee's

**Deleted:** scheduled start time,

**Deleted:** n employee's

**Deleted:** scheduled end time,

[1] *See Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 692 (1946) ("compensable working time [is] limited to the minimum time necessarily spent in walking at an ordinary rate along the most direct route ….); *Alvarez v. IBP, Inc.*, No. CT-98-5005-RHW, 2001 WL 34897841, at *11 (E.D. Wash. Sept. 14, 2001) ("compensable time for each activity is on the basis of reasonable time, rather than the actual time required for each activity"), *aff'd*, 39 F.3d 894, 907, 914 (9th Cir. 2003) (same); *Amos v. United States*, 13 Cl. Ct. 442, 443, 448-50 (Cl. Ct. 1987) (compensable time at the start and end of the workday was limited to the amount of time reasonably required); *Reich v. IBP, Inc.*, 820 F. Supp. 1315, 1324 (D. Kan. 1993) (employees entitled to compensation for "reasonable time (rather than actual time) required"), *aff'd and remanded*, 38 F.3d 1123, 1127 (10th Cir. 994) ("We believe reasonable time is an appropriate measure in this case"); *see also IBP, Inc. v. Alvarez*, 546 U.S. 21, 25-28 (2005) (acknowledging that *Anderson* held that time *necessarily* spent walking is to be treated as part of the "workweek;" that the subsequent enactment of the Portal Act *narrowed* the coverage of the FLSA; and that except for the express exceptions for travel and preliminary and postliminary activities, the Portal Act does not purport to change the Court's previous description of the term "workweek"); 29 U.S.C. § 790.6 (except for the express exceptions for travel and preliminary and postliminary activities, the Portal Act did not change the existing computation of time within the workday); *Anderson v. Wackenhunt Corp.*, No. 507 CV 137 DCBJMR, 2008 WL 4999160, at *6 (S.D. Miss. Nov. 18, 2008) (rejecting claim that Supreme Court's decision in *IBP, Inc. v. Alvarez* held that all time occurring after the first principal activity is compensable); *Bull v. United States*, 68 Fed. Cl. 212, 227 (Fed. Cl. 2005) (quoting *Amos* with approval); *Albanese v. Bergen County*, 991 F. Supp. 410, 423-24

10. Portal Act ("integral and indispensable")

The Portal Act exempts from compensation activities which are preliminary to or postliminary to principal activities. The Portal Act applies when an activity before or after the principal work activity is not an integral and indispensable part of the principal activities for which workers are employed. The plaintiff must prove by a preponderance of the evidence that any activity she claims is a first or last principal activity is integral and indispensable. There are three factors to consider in deciding if an activity is integral and indispensable: (1) Whether the activity is required by the employer? (2) Whether the activity is necessary for the employee to perform his duties? (3) Whether the activity primarily benefits the employer?

**Deleted:** Generally, an employer must pay employees for all work performed during the continuous workday. The continuous workday begins with the first principal activity of the day and ends with the last principal activity of the day.

**Deleted:** A principal activity is any work that is both integral and indispensable to the production work for which the employee is employed. T

Under normal conditions, changing clothes and washing are not integral and indispensable and therefore are not a principal activity. However, if an employee cannot perform his principal work activities without putting on certain clothes or without washing, such changing clothes or washing on the employer's premises at the beginning and end of the workday could be an integral and indispensable part of the employee's principal work activities. Nevertheless, if the wearing of certain sanitary and protective clothing items or washing is required by the government, and the employer is not the primary beneficiary of those government requirements, the putting on and taking off of the clothing items and any washing are not integral and indispensable to the employee's principal production activities. Additionally, if changing clothes or washing is merely a convenience to the employee and not directly related to his principal production activities, it would not be integral and indispensable to the employee's principal production activities.[2]

**Deleted:** Among the activities included as an integral part of a principal activity are those closely related activities which are indispensable to its performance.

**Deleted:** is

**Deleted:** is

**Deleted:** under extraordinary conditions,

**Deleted:** does not primarily benefit from

**Deleted:** al

**Deleted:** donning and doffing

**Deleted:** se

**Deleted:** is

(D.N.J. 1997) (citing *Amos*, 13 Cl. Ct. at 44) ("employees must show that the overtime hours they worked must be reasonable in order for those hours to be compensable"); *Hellmers v. Town of Vestal*, 969 F. Supp. 837, 844 (N.D.N.Y. 1997) ("…the amount of overtime an employee claims to have spent must be reasonable …"). .

[2] *Steiner v. Mitchell*, 350 U.S. 247, 248-49 (1956) ("changing clothes and showering under normal conditions" constitute preliminary or postliminary activities); *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 594 (2d Cir. 2007) (same); *Von Friewalde v. Boeing Aerospace Operations, Inc.*, No. 08-50316, slip op. at 7-8 (5th Cir. Aug. 4, 2009) (citing *Gorman*, 488 F.3d at 594) ("donning and doffing of generic protection gear such as safety glasses and hearing protection, are … 'non-compensable, preliminary tasks' under the Portal-to-Portal Act"); *Pirant v. USPS*, 542 F.3d (7th Cir.), *as amended*, 2008 U.S. App. LEXIS 24371, at *2-3 (Dec. 3, 2008). (donning and doffing "a uniform shirt, gloves, and work shoes" is "akin to the showering an changing clothes 'under normal conditions' that the Supreme Court said in *Steiner* is ordinarily excluded" from compensation); *Spoerle v. Kraft Foods, Inc.*, No. 07-cv-300-bbc, 2009 U.S. Dist. LEXIS

12. Representative Evidence

To prove liability, the plaintiff must present evidence that is representative of hourly production workers for whom the plaintiff seeks to recover damages. Not all affected employees need testify in order to prove violations of the Fair Labor Standards Act and be awarded back wages. Rather, if representative employees testify about the activities they performed, other non-testifying employees who perform substantially similar activities are deemed to have shown the same thing by inference. This is called "representative testimony."

There is no bright line as to the percentage of representative employees necessary; rather, the weight to be accorded the evidence is a function not of its quantity but of its quality –whether the testimony covers similarly situated workers and is generally consistent. You may also consider whether the employees who testified worked in similar positions and similar departments as the non-testifying employees, whether they wore similar sanitary and protective gear, whether the testifying employees performed donning and doffing activities at similar times as non-testifying employees, whether the witnesses who testified had the opportunity or ability to observe non-testifying employees, and whether there was evidence presented that either was consistent or was inconsistent with the testimony of the testifying employees.

Where the evidence presented by different employees shows variations in the clothes-changing and washing activities they perform, and the amounts of paid time they may have received to perform such activities, you should consider whether a single estimate of unpaid work time for all employees is appropriate.[3]

* * *

Deleted: * * *¶

Deleted: establish

Deleted: the

Deleted: some

Deleted: number of hours they worked,

Deleted: work

Deleted: -

Deleted: ,

Deleted: witnesses

Deleted: or equipment,

Deleted: in

Deleted: places within the plant

Deleted: and

Deleted: .

Deleted: representative testimony may be insufficient to establish the existence or extent of liability for the entire group. Moreover, where the evidence presented shows that employees perform various non-work related activities in the periods between clocking in and the start of paid time, or between the end of paid time and clocking out,

---

50701, at *13-14 (W.D. Wis. June 16, 2009) ("the standard suggested by the court [in *Pirant*] goes beyond the particular facts of the case); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1344 (11th Cir. 2007) (activities required by government agency that do not primarily benefit the employer are not integral and indispensable).

[3] *Babineau v. Fed. Express Corp.*, No. 08-16227, --- F.3d ---, 2009 WL 2212158, at *1, 6-7, 9 (11th Cir. July 27, 2009).

14. Damages

If you find that plaintiff has proven her claim by a preponderance of the evidence, then you must turn to the question of damages.

The Fair Labor Standards Act requires that an employer maintain adequate and accurate payroll records. If you find that Tyson Foods did not maintain such records, the plaintiff will have carried her burden if she proves that the employees have in fact performed work for which they were improperly compensated and if plaintiff produces sufficient evidence to show the reasonable amount and extent of that work as a matter of just and reasonable inference.

The burden then shifts to Tyson Foods to come forward with evidence of the precise amount of uncompensated work reasonably performed or with evidence to negative the reasonableness of the inference to be drawn from the plaintiff's evidence. If Tyson Foods fails to produce such evidence, you may then award damages to the employees even though those damages will only be approximate.

If you find that the activities in issue are compensable, any employee who already has received compensation for all those activities is not entitled to recover any damages. If you find that such compensation was insufficient to cover all of the work at issue, only the reasonable amount of time spent on any uncompensated work may be taken into account in calculating damages.

The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work. Only if an employee worked more than 40 hours in a week is an employee owed overtime for that week.

An employee's "regular rate" during a particular week is the basis for calculating any overtime pay due for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owed for each hour in excess of 40 hours worked during the work week.[4]

Deleted: , and that Tyson Foods has failed to prove that employees were paid for the time that it reasonably took to complete all compensable activities,

Deleted: mandates

Deleted: '

Deleted: are inaccurate or inadequate, the

Deleted: P

Deleted: not

[4] *See* citations, *supra*, n.1.

Respectfully submitted,

*/s/ Joel M. Cohn*

Joel M. Cohn
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887-4000

*/s/ David M. Smith*

David M. Smith
Janell M. Ahnert
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

Attorneys for defendant,
TYSON FOODS, INC.

CERTIFICATE OF SERVICE

The undersigned certifies that this 9th day of October 2009, I electronically filed the foregoing Defendant's Proposed Final Jury Instructions using the Northern District of Alabama's CM/ECF filing system, which will serve notice of electronic filing upon the following:

Janell M Ahnert (jahnert@maynardcooper.com)
John A. Black (black.john@dol.gov)
Joel M. Cohn (jcohn@akingump.com)
Jeremy K. Fisher (jeremy.fisher@dol.gov)
Jonathan D. Kronheim (kronheim.jonathan@dol.gov)
Joanna Hull (hull.joanna@dol.gov)
Tony G Miller (tmiller@maynardcooper.com)
David M Smith (dsmith@maynardcooper.com)
Sarah J. Starrett (starrett.sarah@dol.gov)
Robert Walter (ATL.FEDCOURT@dol.gov)
Nickole Winnett (winnett.nickole@dol.gov).

*/s/ Joel M. Cohn*