IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HILDA L. SOLIS,** )<br>**Secretary of Labor,** )<br>**United States Department of Labor,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**TYSON FOODS, INC.,** )<br>)<br>    **Defendant.** ) | Case No.: 2:02-CV-1174-VEH |

**MEMORANDUM OPINION REGARDING**
**GOVERNMENT REGULATIONS - IMPACT ON JURY INSTRUCTIONS**

At the final charge conference, the Secretary requested the following instructions, which were set out with annotations in doc. 489, page 7:

Regulatory Requirements Do Not Defeat Principal Activity Findings

If you find that donning and doffing and washing activities are required by federal regulations, then you must find that those activities are also necessary for the employees to perform their principal activities. [Footnote omitted].

A finding that activities, such as donning and doffing and washing, are required by federal regulations supports a finding that these activities are integral and indispensable, and therefore the existence of such federal regulations is not a defense to any violation of the FLSA. [Footnote omitted].

The Secretary relies on *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d

1340, 1344 (11th Cir. 2007) and *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 398-400 (5th Cir. 1976) in support of the first requested instruction. The law of the Eleventh Circuit is well established that

> A principal activity is any work that is both integral and indispensable to the production work for which the employee is employed. Therefore, the [plaintiff] must prove by a preponderance of the evidence that any pre-shift or post-shift activity that [it] claims is a first or last principal activity is integral and indispensable to the production work for which the employee is employed. There are three factors to consider in deciding if an activity is integral and indispensable: (1) Whether the activity is required by the employer? (2) Whether the activity is necessary for the employee to perform his duties? (3) Whether the activity primarily benefits the employer?

The Secretary reads *Bonilla* (and *Dunlop*) as standing for the proposition that any activity that is required by Government regulation is "necessary" and therefore that the second factor has been met as to any activity that the jury finds was required by Government regulation. The Secretary also says that the existence of Government regulations relating to some of the activities at issue is not a defense to her claims for overtime. She relies on *Bonilla*, *IBP, Inc. v. Alvarez*, 546 U.S. 21, 38 (2005), and *Steiner v. Mitchell*, 350 U.S. 247, 248, 255 (1956), *inter alia*, for this part of her argument.

The Defendant argues that *Bonilla* stands for the proposition that any activity that is required by Government regulation is therefore not required by the employer

and cannot primarily benefit the employer, or at least that any activity at issue in this case that is required by Government regulations is not primarily for the benefit Tyson Foods because the intended beneficiary of the regulations is either the consumer (USDA regulations) or the worker (OSHA regulations).

As the court has repeatedly stated, the court reads *Bonilla*, *Dunlop*, *IBP v. Alvarez,* and *Steiner* as leaving for the jury/fact finder to decide who requires[1] and who is the primary beneficiary of the activities at issue, even when those activities are required by Government regulations.  Further, the court has repeatedly stated that there is no issue before the jury as to who is the primary beneficiary of the Government <u>regulations</u>; rather, the primary beneficiary issue is legally framed as who is the primary beneficiary of the claimed <u>activities</u>.

In sum, for the reasons stated in open court on many occasions during this trial, the court agrees with the Secretary's interpretation of *Bonilla*, *Dunlop*, *IBP v. Alvarez,* and *Steiner*.  Therefore, the court will give the following instruction as an insert to the Portal Act section of the jury instructions.

---

[1] Particularly in a case such as this where Tyson Foods repeatedly and consistently instructed its employees to wear the government regulated items, there was no evidence that OSHA was ever even present at the Blountsville plant, the evidence was unrefuted that Tyson Foods supervisors would "pull off the line" employees who failed to have on the government regulated items, and the evidence was at best conflicting - frankly, the court remembers none - whether USDA inspectors who were present at the plant would even speak to, much less "pull off the line," hourly employees who failed to wear the government regulated items.

If you find that any of the activities at issue in this case are required by federal laws or regulations, then you must find that those activities are also necessary for the employees to perform their principal activities, and that the second factor I told you to consider has been established as to those legally required activities. The existence of such federal laws or regulations is not a defense to any of the Secretary's claims in this case. However, you still must decide the first and third factors - whether the employer requires the activities at issue and whether the employer primarily benefits from the activities at issue.

**DONE** this the 11th day of October, 2009.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge