FILED
2009 Oct-11 PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, <br> Secretary of Labor, <br> United States Department of Labor, <br> <br> Plaintiff, <br> <br> v. <br> <br> TYSON FOODS, INC., <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) 2:02-CV-01174-VEH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

DEFENDANT'S MOTION TO MODIFY VERDICT FORM

1. On October 9, 2009, the parties held a charge conference. During the charge conference, the parties were not given the opportunity to address the verdict form that will be provided to the jury. It is essential that Tyson Foods, Inc. has the opportunity to request revisions to the verdict form that was used in the previous trial.

2. The verdict form that was used in *Chao v. Tyson Foods, Inc*. was unfairly prejudicial to defendant. *See* attached Exhibit A. The first question on the verdict form read, "Did Tyson Foods, Inc.'s employees perform any compensable work activity for which they were not compensated?" effectively directed a verdict against defendant on liability.

1

3. The second question read, "If you answered 'yes' to question number 1, was this uncompensated compensable work time *de minimis*?" This question was related to the *de minimis* defense, which is no longer an issue in this matter and, therefore, should not be included on the verdict form that will be provided to the jury.

4. The previously used form also does not address the central issues in the litigation and the issues that the Court will instruct the jury on. *See Worsham v. A.H. Robins Co.*, 734 F.2d 676, 690 (11th Cir. 1984). In particular, there is no reference to "work," the Portal to Portal Act, or the burden of proof that plaintiff must satisfy to prevail on her claims and be awarded damages. In addition, as defendant explained during the charge conference in *Chao v. Tyson Foods, Inc.*, the verdict form used in the first trial did not separate plaintiff's claims of liability and damages by department or area; however, it is necessary, based on plaintiff's theory of the case, that she prove her claims as to all production areas at the plant. (*See* Trial Tr. vol. 2 (charge conference), 128-29, 134-49, 153-54).

5. The verdict form should also remind the jury that plaintiff must meet her burden of proof through representative evidence and that she must do that on a plant-wide basis. (*See* Trial Tr. vol. 2 (charge conference), 128-29, 134-49, 153-54).

6. As such, defendant respectfully requests that the Court revise the jury verdict form to conform Defendant's Proposed Jury Verdict Form, attached hereto as Exhibit B.

Dated: October 11, 2009         Respectfully submitted,

*/s/ David M. Smith*
David M. Smith
Janell M. Ahnert
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

*/s/ Joel M. Cohn*
Joel M. Cohn
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4000

Attorneys for defendant,
TYSON FOODS, INC.

CERTIFICATE OF SERVICE

The undersigned certifies that on this 11th day of October, 2009, I electronically filed the foregoing using the Northern District of Alabama's CM/ECF filing system, which will serve notice of electronic filing upon the following:

    Janell M. Ahnert   (jahnert@maynardcooper.com)
    John A. Black   (black.john@dol.gov)
    Joel M. Cohn   (jcohn@akingump.com)
    Jeremy K. Fisher   (fisher.jeremy@dol.gov)
    Joanna Hull   (hull.joanna@dol.gov)
    Jonathan Kronheim   (kronheim.jonathan@dol.gov)
    Stephanie H. Mays (smays@maynardcooper.com)
    Tony G. Miller   (tmiller@maynardcooper.com)
    David M. Smith   (dsmith@maynardcooper.com)
    Sarah J. Starrett   (starrett.sarah@dol.gov)
    Robert Walter   (ATL.FEDCOURT@dol.gov).
    Nickole Winnett   (winnett.nickole@dol.gov)

                                              */s/ David M. Smith*
                                              David M. Smith