UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HILDA SOLIS, )<br>Secretary of Labor, )<br>United States Department of Labor, )<br>     ) <br>     Plaintiff, )<br>     )<br>  v.  )<br>     )<br>     )<br>TYSON FOODS, INC., )<br>     )<br>     Defendant. )<br>     ) | Case No. 2:02-CV-01174-VEH<br>Honorable Virginia Hopkins |

DEFENDANT'S SUPPLEMENTAL BRIEF ON APPLICABILITY
OF *AVERY* AND PROPOSED JURY INSTRUCTIONS REGARDING OFFSETS

At the request of the Court, defendant, Tyson Foods, Inc., respectfully files this supplemental brief concerning the applicability of *Avery v. City of Talladega*, 24 F.3d 1337 (11th Cir. 1994), to the question of whether defendant is entitled to offsets for any non-compensable time paid before the first principal activity and during meal periods against allegedly compensable time not paid by defendant in the same workweek. In addition to relying on arguments in its prior supplemental brief on the offset issue (*see* Dkt. No. 490), defendant responds to the additional arguments made by plaintiff at the October 9, 2009 charge conference, as well as the Court's preliminary research which led to the issuance of the October 11, 2009

1

scheduling order (Dkt. No. 492).  *See* Trial Tr. vol. 28, 188-213 (Oct. 9, 2009).

Defendant also proposes jury instructions regarding the offset issue.

I. PLAINTIFF SEEKS RECOVERY OF BOTH REGULAR RATE AND OVERTIME HOURS

In the Court's October 11, 2009 scheduling order, the Court states that the "[t]he Secretary is only seeking unpaid overtime ('premium rate' time) in this case. There is no claim for unpaid 'regular rate' time." Dkt. No. 492 at 1.  As shown in plaintiff's demonstrative exhibits used with Michael Murray and as discussed in response to defendant's written objections thereto (*see* Dkt. No. 483), plaintiff does in fact seek recovery of unpaid regular rate time in situations where employees were paid for less than 40 hours in a workweek and the allegedly uncompensated time results in more than 40 hours of compensable time in that week.  *See* Trial Tr. vol. 16, 10:21 – 13:13.

II. THE HOLDING OF *AVERY* EXTENDS BEYOND CASES INVOLVING POLICE OFFICERS

At the charge conference, plaintiff argued that *Avery* did not bind this Court because the case "dealt with police officers under Section 7(k)." Trial Tr. vol. 28, 194:11-13 (Oct. 9, 2009).  However, the Eleventh Circuit's offset holding in *Avery* did not depend upon whether the plaintiffs qualified under the partial exemption of section 7(k), which "extends the permissible non-overtime week." *Huff v. DeKalb County*, 516 F.3d 1273, 1278 n.5 (11th Cir. 2008).  Indeed, the court of appeals

explicitly applied the offset analysis to both non-exempt lieutenants and partially exempt detectives. *See Avery*, 24 F.3d at 1344 n.6.

Before reaching the meal period offset issue in *Avery*, the court of appeals examined whether the city had properly classified lieutenants as exempt under the section 213(a)(1) executive exemption and detectives as partially exempt under section 7(k). *Avery*, 24 F.3d at 1340-44. After deciding that the lieutenants were not exempt and the detectives were partially exempt, the court considered whether their meal breaks were compensable. Although the lieutenants were not partially exempt under section 7(k) because the city had failed to pay them any overtime, the Eleventh Circuit stated that the meal period offset analysis was the same for both lieutenants and detectives. *See id.* at 1344 n.6. ("Because the district court concluded that the lieutenants were exempt from overtime under the FLSA, it did not make any findings as to the amount of pre- and post-shift work performed by the lieutenants, or as to the nature or length of their meal break. However, the same analysis will govern the lieutenants' claim for additional compensation."). Thus, the offset analysis is independent of occupation or partially exempt status.

There is simply nothing in the *Avery* opinion that otherwise limits the offset analysis to police officers. *Cf. Edmunds v. Feralloy Midwest Corp.*, No. 2:07 cv 266 PS, 2009 WL 1605156, at *5 (N.D. Ind. June 3, 2009) (holding that heavy equipment operator was fully paid for his compensable work even when he arrived

3

15 minutes early because he was paid 30 minutes for non-compensable meal period on those days).

### III. THE PAID NON-COMPENSABLE TIME IS NOT EXCLUDED FROM THE REGULAR RATE BY SECTION 7(E)(2)

At the charge conference, plaintiff argued that *Avery* was distinguishable because the payment of meal periods was for a fixed amount of time on a regularly occurring basis. *See* Trial Tr. vol. 28, 198:2-4, 18-24. Relying on section 7(e)(2) of the FLSA, 29 U.S.C. § 207(e)(2), plaintiff claims that "[t]he FLSA expressly says that payments for occasional periods where no work is performed can't be credited under Section 7(h) against overtime compensation due." *Id.* at 190:24 – 191:1. However, the payments for non-compensable time at issue during meal periods and the start of the workday do not fall within any of the regular rate exclusions of section 7(e)(2).[1] The payments are not due to "due to vacation,

---

[1] Section 207(e)(2) states:

> . . . the "regular rate" at which the employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include –
> * * *
> (2) payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments made to an employee which are not made as compensation for his hours of employment.

29 U.S.C. § 207(e)(2).

holiday, illness, failure of the employer to provide sufficient work, or similar cause." 29 U.S.C. § 207(e)(2).  Nor are they "occasional." *Id.*  Rather, the five additional minutes paid at meal periods are provided every day.  Similarly, an employee's paid time begins at the same time every day.  Because the time in question is not excluded from the regular rate, section 7(h) is inapplicable.

In sum, section 207(e)(2) has no application to this litigation.  Defendant is not arguing that the time paid pre-shift and during meal periods that exceeds the total time spent on donning and doffing activities should not be included in the regular rate; indeed, defendant includes this compensation in the regular rate for purposes of calculating overtime.  To the extent these payments are excluded from the regular rate, defendant would not have to include them in the regular rate and workers would receive less overtime than they receive.  Simply, plaintiff's argument regarding section 207(e)(2) is misguided.

IV.    PROPOSED JURY INSTRUCTIONS

Since *Avery* is binding, defendant proposes the following jury instructions:

Defendant is entitled to offset any payments for non-compensable time occurring before the first principal activity against any compensable time in the same workweek for which it did not compensate.  Defendant is also entitled to offset any time paid at meal periods for non-work activities against any compensable time in the same workweek for which it did not compensate.

Date:  October 12, 2009.

        Respectfully submitted,

        */s/ Joel M. Cohn*
        Joel M. Cohn
        AKIN GUMP STRAUSS HAUER & FELD, LLP
        1333 New Hampshire Avenue, N.W.
        Washington, DC 20036
        (202) 887-4000

        */s/ David M. Smith*
        David M. Smith
        Janell M. Ahnert
        MAYNARD, COOPER & GALE, P.C.
        2400 AmSouth/Harbert Plaza
        1901 Sixth Avenue North
        Birmingham, Alabama 35203-2602
        (205) 254-1000

        Attorneys for defendant,
        TYSON FOODS, INC.

CERTIFICATE OF SERVICE

The undersigned certifies that this 12th day of October 2009, I electronically filed the foregoing Defendant's Supplemental Brief on the Applicability of Avery and Proposed Jury Instructions Regarding Offsets using the Northern District of Alabama's CM/ECF filing system, which will serve notice of electronic filing upon the following:

    Janell M Ahnert (jahnert@maynardcooper.com)
    John A. Black (black.john@dol.gov)
    Joel M. Cohn  (jcohn@akingump.com)
    Jeremy K. Fisher (jeremy.fisher@dol.gov)
    Jonathan D. Kronheim (kronheim.jonathan@dol.gov)
    Joanna Hull (hull.joanna@dol.gov)
    Tony G Miller (tmiller@maynardcooper.com)
    David M Smith (dsmith@maynardcooper.com)
    Sarah J. Starrett (starrett.sarah@dol.gov)
    Robert Walter (ATL.FEDCOURT@dol.gov)
    Nickole Winnett  (winnett.nickole@dol.gov).

                                          */s/ Joel M. Cohn*