IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, ) | |
| Secretary of Labor, ) | |
| United States Department of Labor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:02-CV-01174-VEH |
| ) | |
| TYSON FOODS, INC., ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING
OFFSET JURY INSTRUCTIONS

Pursuant to this Court's Order dated October 11, 2009 (Doc. 492), Plaintiff, the Secretary of Labor, respectfully submits this Supplemental Brief Regarding Offset Jury Instructions. For the reasons explained below, and in Plaintiff's Memorandum in Support of Plaintiff's Proposed Additional Jury Instructions (Doc. 489-2, at 1-6), Plaintiff requests that this Court include the two offset instructions Plaintiff proposed in Document 489, p. 3, in its final charge to the jury.

I.   Background

Defendant claims that it is entitled to "offset" any non-compensable time it alleges it pays employees (1) at the beginning of their shifts, (2) during employees' two unpaid breaks, and (3) at the end of employees' shifts, against any potential

overtime liability it may have in the same workweek. *See* Defendant's Supplemental Brief on Offsets for Paid Non-Compensable Time Against Allegedly Unpaid Compensable Time During the Same Workweek (Doc. 490); Charge Conference Transcript (10/9/09), at 192-193, 204.

## II. Legal Standard for Offsets Under the FLSA

Such offsets are impermissible under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 *et seq.* Section 7(h) of the FLSA, 29 U.S.C. 207(h) (2009), sets forth the circumstances under which an employer may receive "credit" for various payments toward overtime compensation required under FLSA section 7. Specifically, section 7(h), which is titled "Extra compensation creditable toward overtime compensation," states:

> (1) Except as provided in paragraph (2), sums excluded from the regular rate pursuant to subsection (e) shall not be creditable toward wages required under section 6 or overtime compensation required under this section.
>
> (2) Extra compensation paid as described in paragraphs (5), (6), and (7) of subsection (e) of this section shall be creditable toward overtime compensation payable pursuant to this section.

29 U.S.C. 207(h) (2009).

Section 7(h)(1), 29 U.S.C. 207(h)(1), was added to the FLSA in 2000 by the Worker Economic Opportunity Act, P.L. No. 106-202, 114 Stat 308 (May 18, 2000). Prior to the passage of that Act, section 7(h) of the FLSA simply stated:

> Extra compensation paid as described in paragraphs (5), (6), and (7) of subsection (e) of this section shall be creditable toward overtime compensation payable pursuant to this section.

29 U.S.C. 207(h) (1999). The addition of section 7(h)(1) in 2000 made clear that sums excluded from the regular rate under section 7(e), with the exception of 7(e)(5)-(7) payments, shall not be creditable toward overtime compensation required by the FLSA. *See Bell v. Iowa Turkey Growers Co-op*, 407 F. Supp. 2d 1051, 1062-1063 (S.D. Iowa 2006) ("Section 207(h)(1) makes clear that the only payments that are creditable towards overtime compensation are the types of payments listed in § 207(e)(5)-(7)."). Thus, under the plain language of the FLSA, the only payments that may be credited toward overtime due are premium payments under section 7(e)(5)-(7). *See* 29 U.S.C. 207(h)(2); *see also Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 914 & n.19 (9th Cir. 2004).[1] The Ninth Circuit in *Ballaris* explained the rationale for this limitation on "offsets" under the FLSA:

> Crediting money already due an employee for some other reason against the wage he is owed is not paying that employee the compensation to which he is entitled by statute. It is, instead, false and deceptive "creative" bookkeeping that, if tolerated, would frustrate the goals and purposes of the FLSA.

---

[1] Payments under FLSA sections 7(e)(5)-(7), which are creditable against an employer's overtime obligations under the Act, include various types of premium rate pay, which is compensation at a rate in excess of the regular hourly rate paid for work performed outside of or in excess of regular working hours or in excess of eight hours per day or the applicable maximum work week or on weekends or holidays. In contrast, sections 7(e)(1)-(4) and 7(e)(8) describe various types of payments that are not premium rate payments.

The Eleventh Circuit's decision in *Avery v. City of Talladega*, 24 F.3d 1337 (11th Cir. 1994), was decided prior to the addition of section 7(h)(1) to the FLSA, which made clear that the only payments that employers could receive "credit" for toward any overtime compensation due under the Act were section 7(e)(5)-(7) payments.  Given the intervening statutory changes to the FLSA regarding the propriety of "offsets" under the statute, this Court is not limited by *Avery's* holding.

Similarly, *Avery's* holding that the meal breaks at issue in that case could be offset against overtime compensation due was based on regulations that apply specifically to police officers, who are subject to the special overtime provisions contained in section 7(k), 29 U.S.C. 207(k), of the Fair Labor Standards Act.  *See Avery*, 24 F.3d at 1344-47 ("This Circuit has not yet addressed the compensability of meal breaks for section 7(k) law enforcement employees. Two separate regulations, employing similar but not identical language, purport to govern. *See* 29 C.F.R. §§ 553.223(b) *and* 785.19(a) (1993).").  While noting some similarities between the two regulations, the court ultimately applied the regulation that applies specifically to law enforcement personnel (29 C.F.R. 553.223) to conclude that the meal breaks at issue in that case were not compensable and therefore could be used to offset any compensable pre- and post-shift time.  *Id.* at 1347.  Because *Avery* relied on a regulation that does not apply to the hourly employees at issue in this

4

case, and because it did not address section 7(h)(1), its holding does not necessarily compel the same outcome in this case. In addition, *Avery* dealt with fixed, regularly occurring periods of time. The evidence presented at this trial suggests that the offsets Defendant seeks are not based on fixed, regularly scheduled periods of time. Thus, *Avery* is distinguishable on this basis as well.

Unlike *Avery*, all of the cases Plaintiff cited in support of her proposed additional jury instruction on offsets (*See* Doc. 489, at 3, and Doc. 489-2, at 5-6) were decided after the FLSA was amended to add section 7(h)(1). These cases make clear that payments for non-work time may not be offset against overtime due under the Act. See *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 903, 913-14 (9th Cir. 2004) (rejecting employer's argument that it could apply a paid lunch period as an "offset" for unpaid hours worked); *Kasten v. Saint-Gobain Performance Plastics Corp.*, 556 F. Supp. 2d 941, 952-53 (W.D. Wis. 2008) (rejecting defendant's argument that any calculation of uncompensated work time for plaintiffs should be offset by any time for which plaintiffs were compensated but were not working); *Agee v. Wayne Farms LLC*, 626 F. Supp. 2d 643, 647 (S.D. Miss. 2009) (rejecting employer's argument that it could receive credit for payments made for non-work time against compensation due to employees under the FLSA); *see also* 29 U.S.C. 207(e)(2); 29 C.F.R. 778.216; *Hiner v. Penn-Harris-Madison School Corp.*, 256 F. Supp. 2d 854, 860-61 (N.D.Ind. 2003)

(rejecting reliance on *Barefield v. Village of Winnetka,* 81 F.3d 704, 710 (7th Cir. 1996)).

Plaintiff respectfully submits that these cases are more directly on point than *Avery*, and support the additional jury instructions Plaintiff requested in Doc. 489, p. 3.[2]

### III. Defendant Is Not Entitled to Any Offset Here

A major challenge in assessing Defendant's request for an offset is that it has presented absolutely no evidence of the precise amount of work employees performed in this case.[3] Instead, Defendant relies only on speculative conclusions

---

[2] As noted on the first page of this brief, Plaintiff continues to seek inclusion in the final jury charge of both of her proposed offset instructions included in Document 489, including the instruction that addresses the impropriety of offsets during the continuous workday. *See* Doc. 489, at 3; Doc. 489-2, at 1-5.

[3] Defendant's Supplemental Brief on Offsets states, "Because defendant is entitled to such offsets under *Avery v. City of Talladega*, 24 F.3d 1337, 1347 (11th Cir. 1994), Mr. Murray's damage calculations are erroneous as a matter of law." Defendant's Supplemental Brief on Offsets for Paid Non-Compensable Time Against Allegedly Unpaid Compensable Time During the Same Workweek (Doc. 490), at 1. Defendant's brief completely ignores the special standard that applies to establishing damages in an FLSA case where the employer has kept inaccurate or inadequate records. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946) (establishing a burden-shifting framework under which a plaintiff need only show damages by a "just and reasonable inference;" the burden then shifts to the employer to "come forward with evidence of the *precise* amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence") (emphasis added). *Mt. Clemens* clearly states that "[i]f the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate."

Defendant has not come forward with *any* evidence of the precise amount of work performed by the employees in this case. Indeed, it is notable that Defendant did not produce any expert witness (or anyone else, for that matter) to rebut Dr. Radwin's findings. Defendant's failure to present any evidence of the *precise* amount of work performed or, at the very least, evidence to negative the reasonableness of the inference to be drawn from Plaintiff's evidence, means that

6

it has drawn from Mr. Murray's calculations, which relied in part of Dr. Radwin's expert findings regarding average times for certain events. Defendant provides an example:

> For example, if paid time began at 7:30 am and the employee punched in at 7:28 am, then under Dr. Radwin's analysis, the first principal activity occurs 2.69 minutes after paid time begins. Thus, for that shift, the employee was paid for 2.69 minutes of non-compensable activities.

Def's Supplemental Brief on Offsets (Doc. 490), at 6. The problem with this analysis is that Defendant has not presented *any* evidence that the employee in the above example, or any other employee, for that matter, actually performed his or her first principal activity 2.69 minutes after paid time begins. It has simply pointed out what is always true of averages – namely, that some of the population will be below average, and some of the population will be above average (which Defendant conveniently ignores in its Supplemental Brief on Offsets). The complete lack of proof that Defendant has actually overpaid any particular

---

the Defendant has not carried its burden under *Mt. Clemens*. *Id.* Thus, the jury in this case may award damages based on the Secretary's evidence even though the result may only be approximate. *Id.* In any event, as the Supreme Court stated in *Mt. Clemens*, "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of [section] 11(c) of the Act…. [T]he employer, having received the benefits of such work, cannot object to the payment for the work on the most accurate basis possible under the circumstances.… It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages." *Id.* at 688. Plaintiff presented more than enough evidence to sustain such an inference here.

7

employee also warrants denying Defendant any offset for such purely speculative payments.

    A.  <u>Pre-shift Offsets</u>

In any event, even assuming Defendant has shown some evidence that it actually paid employees for non-work time at the beginning of their shift (e.g., it started paying an employee before that employee began his or her first principal activity), Defendant is not entitled to an offset for any of this time because it is work time under the FLSA.  It is undisputed that employees must clock-in prior to (or at the same moment as) their paid time begins.  If an employee clocks in later than this, they are only paid from the time they are clocked in.  Because Defendant requires its employees to report to the plant at or before paid time, the time employees spend doing so is clearly compensable work under the FLSA.  *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 41 n.8 (2005).  Because this is work time that employees must be paid for, Defendant is not entitled to any offset for this time.  This is true even if an employee does not start performing a first principal activity until a few minutes after their paid time begins, because they are engaged to wait.

Even if this time were not work time, it would qualify as non-work time under section 7(e)(2) of the Act, which excludes from the regular rate occasional periods when no work is performed.  *See* 29 U.S.C. 207(e)(2); 29 C.F.R. 778.216.

B. <u>Post-shift Offsets</u>

Defendant is not entitled to any offset for time employees may spend at the end of their shifts after doffing their last piece of sanitary or protective gear but before clocking out because these are occasional instances of non-work time that are excluded from the regular rate under section 7(e)(2), 29 U.S.C. 207(e)(2), and that cannot be credited against overtime due under section 7(h), 29 U.S.C. 207(h). *See also* 29 C.F.R. 778.216.  Defendant has presented no evidence that this is a regular occurrence that lasts for a fixed time period.  Rather, the evidence suggests that this did not happen everyday, and that the amount of time employees spent in such non-work activities before clocking out varied because supervisors would clock the Mastercard out at different times every day.

C. <u>Offsets for Breaks</u>

Defendant is not entitled to any offset for any "added time" it provides employees at breaks because it does not inform its employees about this so-called "added time," and the employees are therefore not completely relieved from duty during this time.  *See* 29 C.F.R. 785.19.  Indeed, the evidence presented at trial was remarkably uniform that employees understood that their breaks were no more than 30 minutes long and that they returned to the line before their breaks ended.  This time is therefore work time that cannot be offset against any overtime compensation due.  *See* 29 C.F.R. 785.19; *see also Agee v. Wayne Farms LLC*, 626

9

F. Supp. 2d 643, 647 (S.D. Miss. 2009) (denying employer credit for 5 "extra" minutes of paid time during employees' lunch break where employer claimed to provide 35 minute lunch breaks, of which only 30 minutes were unpaid).

III.  Conclusion

For the above-stated reasons, Plaintiff respectfully requests that this Court include Plaintiff's two proposed additional jury instructions regarding offsets, as set out in Document 489, page 3, in its final charge to the jury.

|  |  |
|---|---|
|  | Respectfully submitted, |
| ADDRESS: | CAROL A. DE DEO<br>Deputy Solicitor for National Operations |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br>(404) 302-5450<br>(404) 302-5438 (FAX) | CHRISTOPHER D. HELMS<br>Attorney |
| E-mail:<br>ATL.FEDCOURT@dol.gov<br>black.john@dol.gov | JOANNA HULL<br>Attorney<br><br>NICKOLE C. WINNETT<br>Attorney |
|  | By:  /s/ John A. Black<br>       JOHN A. BLACK |
| SOL Case No. 01-10415 | Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff. |

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2009, I electronically filed the foregoing **Plaintiff's Supplemental Brief Regarding Offset Jury Instructions** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

>   Janell M. Ahnert (jahnert@maynardcooper.com)
>   John A. Black (black.john@dol.gov)
>   Joel M. Cohn (jcohn@akingump.com)
>   Jeremy K. Fischer (ATL.FEDCOURT@dol.gov)
>   Joanna Hull (hull.joanna@dol.gov)
>   Jonathan D. Kronheim (kronheim.jonathan@dol.gov)
>   Stephanie H. Mays (smays@maynardcooper.com)
>   Tony G. Miller (tmiller@maynardcooper.com)
>   David M. Smith (dsmith@maynardcooper.com)
>   Sarah J. Starrett (starrett.sarah@dol.gov)
>   Robert Walter (walter.robert@dol.gov)
>   Nickole C. Winnett (winnett.nickole@dol.gov)

>   /s/ John A. Black
>   JOHN A. BLACK
>   Attorney

SOL Case No. 01-10415