IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, ) | |
| Secretary of Labor, ) | |
| United States Department of Labor, ) | |
|   ) | |
| Plaintiff, ) | |
|   ) | |
| v. ) | Case No. 2:02-CV-01174-VEH |
|   ) | |
| TYSON FOODS, INC., ) | |
|   ) | |
| Defendant. ) | |
|   ) | |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED CLOSING
DEMONSTRATIVE EXHIBITS DISCLOSED ON OCTOBER 12, 2009

Plaintiff, Secretary of Labor, objects as follows to Defendant's Proposed Closing Demonstrative Exhibits that Defendant, Tyson Foods, Inc., disclosed on October 12, 2009 to this Court and Plaintiff:

1. <u>Defendant's PowerPoint Presentation, Slides 1-6 – Excerpts of Statutes and Regulations under the Occupational Safety and Health Act and the Poultry Products Inspection Act – 9 C.F.R. § 416.5, 9 C.F.R. § 381.61, 21 U.S.C. § 451, 21 C.F.R. § 110.10, 29 C.F.R. § 1910.138, 29 C.F.R. § 1910.95</u>.

Defendant again proposes to use a number of demonstrative exhibits consisting of federal laws and regulations related to the Poultry Products Inspection Act and the Occupational Safety and Health Act. This Court has

heard Defendant's arguments about these demonstratives on numerous occasions during the retrial.  Tr. Vol. 4 (8/28/09), at 6-14, 33-46; Tr. Vol. 19 (9/24/09), at 113-120; Tr. Vol. 20 (9/28/09), at 201-203; Tr. Vol. 21 (9/29/09), at 56-59.  This Court has repeatedly rejected Defendant's attempts to inject these legal materials into this case.  *See id., see also* Doc. 464.  In fact, this Court previously denied Defendant's request to use the OSHA regulatory materials (*see* Defendant's proposed demonstrative consisting of 29 C.F.R. § 1910.95 and 29 C.F.R. § 1910.138) as demonstratives.  Tr. 9/28/09 (Vol. 20) 202:12-203:9.  The jury was not previously shown the regulatory language for either of these regulations and there was absolutely no testimony or evidence presented that Defendant specifically used or relied upon these regulations when it implemented its policies.  Thus, Defendant's use of these statutory and regulatory materials during closing argument is irrelevant and should be prohibited.

However, this Court did eventually allow Defendant to show to the jury, as demonstrative exhibits only, other regulatory materials, but only after the witness testified that she "looked at or used or referred to [the particular regulation] in promulgating policies and procedures of Tyson that were actually put into effect -- not ones that were not put into effect and that were put into effect or that carried over into the time period that's within the Statute of Limitations."  Tr. 9/29/09, at 57-58; *see also* Tr. 9/29/09, at 56-59.

Only 3 of the 6 regulations/legal materials contained in these slides were actually testified about during trial. Slides 1 (9 C.F.R. § 416.5), 2 (9 C.F.R. 381.61), and 4 (21 C.F.R. 110.10). *See* Tr. 9/29/09, at 114 (§ 416.5), 66, 68-69 (§ 381.61), 65, 85-89 (§ 110.10). There was no testimony at all regarding the laws and regulations contained in Slides 3 (21 U.S.C. § 451), 5 (29 C.F.R. § 1910.138), and 6 (29 C.F.R. § 1910.95). Plaintiff respectfully requests that, if this Court decides to permit use of any regulatory and legal materials during closing argument (for the reasons stated below, Plaintiff believes that none of these demonstrative exhibits should be shown to the jury during closing argument), only those regulatory provisions previously shown to the jury be shown again in closing argument.[1]

In any event, Plaintiff objects to these slides on the grounds that these statutory and regulatory materials are irrelevant to any issues present in this case. In the "Memorandum Opinion Regarding Government Regulations – Impact on Jury Instructions" ("Government Regulations Opinion") (Doc. 493), this Court, noting that she was in agreement with the Secretary's interpretation

---

[1] In attempting to present these legal materials to the jury, yet again, as demonstratives during closing argument, Defendant appears to be treating these materials as if they were substantive evidence. They are not. As this Court has noted on more than one occasion, *see* Tr. cites, *supra*, p. 2, none of these materials were listed on Defendant's Exhibit List pre-trial, and the Court has denied Defendant's repeated requests for judicial notice. Defendant's most recent back-door attempt to get these materials in front of the jury should be rejected.

of *Bonilla*, *Dunlop, IBP v. Alvarez*, and *Steiner* on this issue, ruled that it was issuing the following jury instruction:

> If you find that any of the activities at issue in this case are required by federal laws or regulations, then you must find that those activities are also necessary for the employees to perform their principal activities, and that the second factor I told you to consider has been established as to those legally required activities. <u>The existence of such federal laws or regulations is not a defense to any of the Secretary's claims in this case</u>. However, you still must decide the first and third factors – whether the employer requires the activities at issue and whether the employer primarily benefits from the activities at issue.

*Id*. at 4 (emphasis added).

Under this Court's ruling, the issue before the jury is whether Defendant requires the activities at issue and whether Defendant primarily benefits from the activities. Therefore, it is completely irrelevant why Defendant requires these activities, assuming that it is referencing these statutory and regulatory materials as a basis for explaining why it requires its employees to wear certain pieces of gear and engage in washing or as a basis for explaining its policies. As outlined in the jury instruction, Defendant cannot use these statutory and regulatory materials as a defense, which is the only reason that Defendant could possibly argue for presenting these materials to the jury.

Moreover, the Congressional purpose behind the Poultry Inspection Act (*see* Defendant's proposed demonstrative consisting of 21 U.S.C. § 451) is completely irrelevant to any issue the jury must decide here. In its Government

4

Regulations Opinion, this Court ruled that "there is no issue before the jury as to who is the primary beneficiary of the Government regulations; rather, the primary beneficiary issue is legally framed as who is the primary beneficiary of the claimed activities." Id. at 3. Therefore, why Congress passed a particular law has absolutely no bearing on whether Defendant violated the Fair Labor Standards Act, which is the issue the jury must decide. In fact, this Court has previously ruled that Defendant could not use as a demonstrative or provide testimony on the Congressional purpose of 21 U.S.C. § 451, holding that Congress' intent is hearsay and that it was not relevant since Defendant could not establish that any supervisor or management official used or relied upon the Congressional purpose in drafting Defendant's policies.  Tr. 9/28/09 (Vol. 20) 194:12-15; 195:9-15; 196:2-7.

To the extent these statutory and regulatory materials are deemed relevant, they should be excluded pursuant to Federal Rule of Evidence 403 because they are likely to confuse and mislead the jury, create unfair prejudice, and cause the jury to give undue weight to these materials. The Federal Rules of Evidence require the Court to exclude evidence where the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In

5

*Sprankle v. Bower Ammonia and Chemical Co.*, 824 F.2d 409 (5th Cir. 1987), the court held that Federal Rule of Evidence 403 required the exclusion of OSHA regulations that were not directly applicable to Defendant.  *Id*. at 416.

A similar situation is presented here because there is a substantial likelihood that the jury may attach undue significance to compliance with the USDA and OSHA regulations contained in Defendant's proposed demonstrative exhibits and ignore the actual question at issue – namely, compliance with the FLSA.  This is especially true in closing argument, when the parties may explain to the jury how they think the law warrants a verdict in that party's favor.  Because the statutory and regulatory materials cannot be used as a defense, any undue significance that the jury would place on those regulations could be potentially prejudicial to Plaintiff.  Thus, Defendant's use of these statutory and regulatory materials during closing argument is likely to confuse and mislead the jury and should be prohibited.

2.    Defendant's PowerPoint Presentation, Slide 7:  "Non-Production Activities"

Plaintiff objects to this slide as confusing and misleading.  First, the reference to "Non-Production Activities" in the title improperly focuses the jury's attention on whether these are "production" activities, which is not a relevant consideration to any issue the jury must decide.  Second, the references

to OSHA and USDA are misleading and should be removed.  There has been no evidence that either OSHA or USDA are in the plant actually enforcing Tyson's specific requirements.  The entry in the "required/necessary" column about rubber gloves is misleading, as the asterisk on the bottom of the slide indicates that rubber gloves have been required at limited times in certain areas.  Finally, the references to the "consumer" as the primary beneficiary are completely inappropriate and inconsistent with the law, as explained above.

       3.    <u>Defendant's PowerPoint Presentation, Slide 8:  "Reasonable Time"</u>

Plaintiff objects to this slide as irrelevant and misleading to the jury because it is inconsistent with the expected jury instructions in this case.  The proposed final jury instructions discussed at the October 9, 2009 charge conference state that "reasonable time" is only a consideration with respect to pre- and post-shift activities.  Defendant's proposed demonstrative exhibit on this issue includes time during the workday (i.e., before and after breaks) in its reasonable time analysis.  This is incorrect under the law and inconsistent with the expected jury instructions in this case.  As such, the slide is misleading and will be confusing to the jury and should be revised to only include time pre- and post-shift, if the slide is allowed to be used at all.

4. <u>Defendant's PowerPoint Presentation, Slides 8-12 Improperly Argue for an Offset.</u>

Plaintiff objects to these slides as irrelevant, misleading and confusing to the jury, and unfairly prejudicial to Plaintiff. In its Memorandum Opinion Regarding Jury Instructions Related to "Offset," of October 12, 2009 ("Offset Opinion") (Doc. 498), the Court stated:

> Tyson Foods will not be allowed to argue that it is entitled to an offset, although it will be allowed to argue that the inference that the Secretary seeks the jury to make is unreasonable, because no evidence has been introduced to support Tyson Foods' offset theory.

Doc. 498 at 9. Here, the slides reference when the production line starts moving product in relation to "paid time." This is an impermissible offset argument under this Court's recent ruling that the Defendant had presented no evidence to support its offset theory and would be prohibited from arguing such a defense. *Id.* Thus, Defendant should not be permitted to present these demonstrative exhibits, which are clearly misleading and also irrelevant, to the jury in closing argument.

5. <u>Defendant's PowerPoint Presentation, Slide 13 Makes Assertions Not Supported by the Evidence.</u>

Bullet points 1 and 10 of this slide are improper. Tyson Foods presented no evidence at trial that randomness is required to have valid results. The randomness argument is not a common sense point; if anything, it is a point that

8

is statistical in nature (although Defendant misstates what statistics actually say about this point).  Thus, the bullet point that Dr. Radwin's "Study Not Random so Time Estimates Not Valid" is improper as it is not based on any evidence.

As to bullet point 10, Tyson Foods did not present evidence showing that employees could wear back braces from home.  Thus, this point misstates the evidence presented at trial, and should be prohibited from being shown to the jury.

WHEREFORE, Plaintiff respectfully requests that this Court sustain Plaintiff's objections to Defendant's proposed demonstrative exhibits identified above and exclude their use during closing argument.

|  |  |
|---|---|
|  | Respectfully submitted, |
| ADDRESS: | CAROL A. DE DEO<br>Deputy Solicitor for National Operations |
| Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| TELEPHONE:<br>(404) 302-5450<br>(404) 302-5438 (FAX) | CHRISTOPHER D. HELMS<br>Attorney<br><br>JOANNA HULL<br>Attorney |
| E-MAIL:<br>ATL.FEDCOURT@dol.gov<br>black.john@dol.gov | NICKOLE C. WINNETT<br>Attorney<br><br>By: /s/ John A. Black<br>     JOHN A. BLACK<br>     Attorney<br><br>Office of the Solicitor<br>U.S. Department of Labor<br>Attorneys for Plaintiff |
| SOL Case No.  01-10415 |  |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2009, I electronically filed the foregoing **Plaintiff's Objections to Defendant's Proposed Closing Demonstrative Exhibits Disclosed on October 12, 2009** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

 Janell M. Ahnert (jahnert@maynardcooper.com)

 John A. Black (black.john@dol.gov)

 Joel M. Cohn (jcohn@akingump.com)

 Jeremy K. Fisher (fisher.jeremy@dol.gov)

 Joanna Hull (hull.joanna@dol.gov)

 Nickole Winnett (winnett.nickole@dol.gov)

 Stephanie H. Mays (smays@maynardcooper.com)

 Tony G. Miller (tmiller@maynardcooper.com)

 David M. Smith (dsmith@maynardcooper.com)

 Sarah J. Starrett (starrett.sarah@dol.gov)

 Robert L. Walter (ATL.FEDCOURT@dol.gov)

        /s/ John A. Black
        JOHN A. BLACK
        Attorney

        SOL Case No. 01-10415