FILED
2009 Oct-14 PM 04:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HILDA L. SOLIS,** | ) | |
| **Secretary of Labor,** | ) | |
| **United States Department of Labor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:02-CV-1174-VEH** |
| | ) | |
| **TYSON FOODS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

# JURY INSTRUCTIONS

Table of Contents

1. Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. Consideration Of The Evidence; Duty To Follow Instructions: Corporate Party Involved.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3. Expert Witnesses General Instruction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4. Burden Of Proof As to Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5. No Safety or Minimum Wage Violation Claims. . . . . . . . . . . . . . . . . . . . . . 5

6. Fair Labor Standards Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7. Defendant's State of Mind. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8. Work. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9. Continuous Workday. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10. Portal Act ("integral and indispensable"). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11. Suffer or Permit.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12. Representative Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

13. Damages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

14. Record Keeping.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15. Waiver Prohibited. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

16. Notes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17. Duty to Deliberate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Instructions

1.   Preliminary Statement

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, you will go to the jury room and begin your discussions - what we call your deliberations.

A jury trial has, in effect, two judges. I am one of the judges; the other judge is the jury. My duty is to preside over the trial and to decide what evidence is proper for your consideration. My duty at the end of the trial is to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give some general instructions that apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Your duty will be to decide whether the Secretary has proved by a preponderance of the evidence the specific facts necessary to find the defendant liable on the claims asserted. I will give you more instructions about the specific claims in a minute.

As I have already told you, you must make your decision only on the basis of the testimony and other evidence presented during the trial. You must not be influenced in any way by either sympathy or prejudice, for or against either party.

You, as jurors, are the judges of the facts. But in determining what actually happened-that is, in reaching your decision as to the facts-your sworn duty is to follow all of the rules of law as I explain them to you.

Remember that anything the lawyers say is not evidence in the case. Your own recollection and interpretation of the evidence controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that

I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. Your duty is to apply the law as I explain it to you, regardless of whether you like the law or its consequences.

Your duty also is to base your verdict solely upon the evidence, without prejudice or sympathy for or against anyone. You made that promise and took that oath before being accepted by the parties as jurors, and they have the right to expect nothing less.

2.  Consideration Of The Evidence; Duty To Follow Instructions: Corporate Party Involved

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence-that is, the testimony of the witnesses and the exhibits I have admitted in the record. As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make. In other words, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of your common experience.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or

circumstantial evidence, or to the reasonable inferences you draw from direct or circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of this case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things about which he or she testified? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether evidence was offered tending to prove that a witness testified falsely concerning some important fact; or, whether evidence was offered that at some other time a witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that consideration may depend on whether the misstatement relates to an important fact or with only an unimportant detail.

When a witness is questioned about an earlier statement he or she may have made, or earlier testimony he or she may have given, such questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony here at this trial.

Earlier statements made by a witness or earlier testimony given by a witness are not ordinarily offered or received as evidence of the truth or accuracy of *those* statements, but are referred to for the purpose of giving you a comparison and aiding you in making your decision as to whether you believe or disbelieve the witness's testimony that you hear at trial. However, if the prior inconsistent statement of the witness was made under oath, you may also consider it as evidence.

Whether such prior statements of a witness are, in fact, consistent or inconsistent with his or her trial testimony is entirely for you to determine. You can also decide whether to believe the earlier testimony given under oath, or the testimony given in this trial, or you can disregard both.

You are the sole judge of the credibility of witnesses.

3.   Expert Witnesses General Instruction

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon that testimony.

4.   Burden Of Proof

In this case it is the responsibility of the Secretary to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Secretary's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

The Secretary has two claims: (1) that Tyson Foods did not pay its hourly production employees for all time worked; and (2) that Tyson Foods did not maintain adequate and accurate payroll records. Tyson Foods denies both claims and denies that the Secretary has proved either claim.

The "preponderance of the evidence" standard applies to both of the Secretary's claims. If the proof fails to establish any essential part of either of the Secretary's claims by a preponderance of the evidence, you should find for Tyson Foods as to that claim.

5. No Safety or Minimum Wage Violation Claims

The Secretary does not claim that Tyson Foods has committed any violation of federal or state safety laws, nor is there any claim that Tyson Foods has failed to pay its employees the required minimum wage. The Secretary's only claims are that Tyson Foods has failed to pay its production employees at its Blountsville plant for all of the overtime that they are entitled to and that Tyson Foods has failed to keep accurate records. As such, you may award damages only if you find that production employees are entitled to and were not paid overtime wages.

6. Fair Labor Standards Act

This lawsuit arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half overtime pay for hours over 40 in any workweek. The Secretary of Labor claims that Tyson Foods did not pay hourly chicken-processing employees at its Blountsville, Alabama poultry processing facility overtime pay as required by law.

In order to prevail on this claim, the Secretary must prove each of the following facts by a preponderance of the evidence:

First, that the hourly employees at the Blountsville facility were employed by defendant during the time period involved;

Second, that the employees were employed by an enterprise engaged in commerce or in the production of goods for commerce;

Third, that the employees worked over 40 hours in a workweek; and

Fourth, that Tyson Foods failed to pay the employees the overtime pay required by law.

The parties have stipulated or agreed to the first fact - that the employees for whom the Secretary seeks back wages were employed by Tyson Foods from May 9, 2000, until August 29, 2009 - and you should consider it established.

The parties have also stipulated to the second fact - that Tyson Foods is an enterprise engaged in commerce or in the production of goods for commerce - and you should consider that fact established as well.

7.   Defendant's State of Mind

In considering whether Tyson Foods violated the overtime provisions of the Fair Labor Standards Act, you should not consider Tyson Foods' state of mind, beliefs, or knowledge of its obligations under the Fair Labor Standards Act. These factors are not relevant to your determination of liability and should not affect your decision.

8.   Work

The first issue you will have to decide is whether or not the activities at issue are "work." When deciding whether an activity is work, it makes no difference how easy or difficult the activity is, how long it takes, or whether it requires any exertion at all. The Secretary claims that the employees' donning, doffing, washing, and related activities are "work." The Secretary must prove by a preponderance of the evidence that these activities are work. To be "work," an activity (1) must be controlled or required by Tyson Foods and (2) must primarily benefit Tyson Foods.

9.   Continuous Workday

The continuous workday is the period between the commencement and the completion on the same workday of an employee's principal activity or activities. Any non-work time spent by employees during bona fide meal periods is excluded from the workday and is not compensable.

In general, an employer is required to compensate its employees for their time, beginning when the employee performs the first principal activity of the workday. Pre- and post-shift activities that are work and that are integral and indispensable to the production work performed by employees are considered principal activities. Time spent after the employee engages in the first principal activity and before the employee finishes his or her last principal activity is part of a continuous workday and is compensable under the Fair Labor Standards Act, unless it is otherwise excluded from compensation, as I will explain to you.

While the Fair Labor Standards Act generally requires an employer to pay its employees for all activities, including waiting time, that occur during the continuous work day, when activities occur pre-shift or post-shift, only the time reasonably spent is compensable.

10.   Portal Act ("integral and indispensable")

The Portal Act is a part of the Fair Labor Standards Act. It is an exception to the general rule that employers must pay for all work. The Portal Act says that employers do not have to pay an employee for activities that are preliminary — that is, that occur before the employee performs his or her first principal activity of the day, or for activities that are postliminary --- that is, that occur after the employee performs his or her last principal activity of the day.

A principal activity is any work that is both integral and indispensable to the production work for which the employee is employed. Among the activities included as an integral part of a principal activity are those closely related activities which are indispensable to its performance.

Therefore, the Secretary must prove by a preponderance of the evidence that any pre-shift or post-shift activity that she claims is a first or last principal activity is integral and indispensable to the production work for which the employee is employed. There are three factors to consider in deciding if an activity is integral and indispensable: (1) Whether the activity is required by the employer? (2) Whether the activity is necessary for the employee to perform his duties? (3) Whether the activity primarily benefits the employer?

If you find that any of the activities at issue in this case is required by federal

laws or regulations, then you must find that the legally-required activity is also necessary for the employees to perform their principal activities, and that the second factor I told you to consider has been established as to the legally-required activity. However, you still must decide the first and third factors - whether the employer requires the activities at issue and whether the employer primarily benefits from the activities at issue.

11.     Suffer or Permit

When an employer knows or has reason to believe that work under the Fair Labor Standards Act is being performed, it is the responsibility of the employer to compensate employees for such work, even if that work was not specifically requested by the employer to be performed. An employer cannot sit back and accept the benefits of such work without compensating employees for it. It is the duty of management to exercise control and make sure that work is not performed if it does not want it to be performed. Even having a rule against performing work is not sufficient for management to avoid responsibility for paying for hours worked that it knew about or had reason to know about; rather, management has the power to enforce such a rule and must make every effort to do so.

12.     Representative Evidence

Both parties have presented various types of evidence: video clips, documents, and live or video testimony of hourly workers, supervisors, experts, and others. Not all affected employees need testify in order for the Secretary to prove the violations of the Fair Labor Standards Act and be awarded back wages. Rather, if some employees testify about the activities they did, or the number of hours the Secretary claims were compensable, other non-testifying employees who perform substantially similar activities are deemed to have shown the same thing by inference. This is called "representative testimony."

There is no bright-line as to the percentage of representative employees necessary; rather, the weight to be accorded the evidence is a function not of its quantity but of its quality –whether the testimony covers similarly situated workers, and is generally consistent. You may also consider whether the witnesses who testified worked in similar positions and similar departments as the non-testifying employees, whether they wore similar sanitary and protective items, whether the

testifying employees performed donning and doffing activities similarly to non-testifying employees, whether the witnesses who testified had the opportunity or ability to observe non-testifying employees, and whether there was evidence presented that either was consistent with or was inconsistent with the testimony of the testifying witnesses.

13.  Damages

If you find that the Secretary has proven her claim, then you must turn to the question of damages.

The Fair Labor Standards Act requires that an employer maintain adequate and accurate payroll records of all hours worked. If you find that Tyson Foods' records are inaccurate or inadequate, the Secretary will have carried her burden if she proves that the employees have in fact performed work for which they were improperly compensated and if the Secretary produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

The burden then shifts to Tyson Foods to come forward with evidence of the precise amount of uncompensated work performed or with evidence to negate the reasonableness of the inference to be drawn from the Secretary's evidence. If Tyson Foods fails to produce such evidence, you may then award damages to the employees even though those damages will only be approximate.

If you find that the activities in issue are compensable, any employee who already has received compensation for all those activities is not entitled to recover any damages. If you find that such compensation was not sufficient to cover *all* of the work at issue, all uncompensated work should be taken into account in calculating damages.

In accordance with the "continuous workday" principle, compensable time begins with the first principal activity of the day and ends with the last principal activity of the day, except for bona fide meal periods or rest breaks when the employees are completely relieved from duty. Thus, at the beginning of the day, damages should be computed from the first principal activity until the start of paid time.  At meal periods, damages should be computed for all periods that the employees worked but were not paid.  At the end of the day, damages should be

computed from the end of paid time until the last principal activity of the day. It is paid time and not production time that you must consider in computing damages.

The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for “overtime” work. Only if an employee worked more than 40 hours in a week is an employee owed overtime for that week.

An employee's “regular rate” during a particular week is the basis for calculating any overtime pay due for that week. The “regular rate” for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owed for each hour in excess of 40 hours worked during the work week.

14. Record Keeping

Employers are required to keep an accurate record of the hours worked by each employee. If you find that any employee is entitled to back wages for the time that he or she worked, you must determine whether the employer has kept an accurate record of all of that time. If you find that an accurate record has not been kept, you must find a record keeping violation.

15. Waiver Prohibited

Employees may not waive their rights under the Fair Labor Standards Act. This means that an employee does not lose any right he or she may have to back wages by failing to complain to his or her employer or by any other action.

16. Notes

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should

not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

17.   Duty to Deliberate

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Your duty as jurors is to discuss the case with one another and consult with one another in an effort to reach agreement, if you can do so. Each of you must decide the case for yourself, but only after full and impartial consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind, if you become convinced that your initial opinion was wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the others think differently, or merely to return a verdict.

Remember, in a very real way you are judges – judges of the facts and judges of the credibility of the witnesses. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will guide your deliberations and will speak for you here in court.

The court has prepared a verdict form for your convenience.

(EXPLAIN – VERDICT FORM)

You will take the verdict form to the jury room. When you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. When you have reached your decision,

knock on the jury room door and tell the courtroom deputy that you have a verdict.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the courtroom deputy, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, regarding any message or question you might send, that you should not tell me your numerical division at the time.

**DONE** this 14th day of October, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge